## OHIO DRILLING CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 12933—Opinion Filed May 2, 1922.

(Syllabus.)

**1. Master and Servant—Validity of Workmen's Compensation Law—Police Power.**

Chapter 246 of Session Laws 1915, which requires all employers, including partner-

ships, engaged in certain hazardous occupations therein enumerated to provide compensation according to certain schedules for all accidental injuries, without regard to fault upon the part of said employer, arising out of or in the course of employment, and such diseases and infections as may naturally and unavoidably result therefrom, by one of three methods prescribed in the act, and places the supervision and administration thereof under the State Industrial Commission, provides penalties for violations of the act, and abrogates the right of action to recover damages not resulting in death, except a right of action reserved to the State Industrial Commission, for the benefit of an injured employe, is within the authority of the Legislature, and the enactment thereof was a legitimate exercise of the police power of the state.

**2. Same — Finality of Industrial Commission's Decision on Facts.**

By the provisions of section 10 of art. 2 of the Workmen's Compensation Law (chap. 246, Session Laws 1915), the decision of the State Industrial Commission is made final as to all questions of facts, and on appeal to this court from an award of the Industrial Commission the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor or against the findings of fact made by the Industrial Commission.

**3. Same — Right of Partner in Business to Workman's Compensation.**

Where the business of a partnership is such as comes within the provisions of the Workmen's Compensation Law of this state, which compels the partnership to comply with the provisions of the law requiring it to provide compensation for its injured employes by furnishing insurance in one of the ways provided for in the act, which was done by the partnership by contracting with an insurance company for that purpose, and where the partnership was composed of four members who were the sole employes of such partnership in carrying on its business, and one of whom happened to be accidentally injured under the circumstances that would entitle an employe who was not a member of the partnership to compensation, likewise entitled the injured partner to compensation where the four members of the partnership performed all the labor incident to its business and did not hire other employes to perform the labor, and where each member of the partnership drew the same wage, which was paid from the earnings of the partnership, and the net income from the business of the partnership was equally divided between the four members thereof, the Industrial Commission was correct in holding that such injured employe was entitled to the compensation provided by the schedule of the act, and the order of the commission

awarding such compensation should be affirmed, and it is so ordered.

Appeal from the State Industrial Commission.

Action by the Ohio Drilling Company and the Aetna Life Insurance Company to review award of workman's compensation to C. D. Hupp. Affirmed.

Moss & Owen, for petitioners.

George F. Short, Atty. Gen., and Kathryn VanLeuven, Asst. Atty. Gen., for respondents.

JOHNSON, J. The petitioners seek by petition to this court, with a transcript of the proceedings had before the State Industrial Commission attached to such petition, a review by this court of the following award made to the claimant, C. D. Hupp, to wit:

"Now on this 7th day of December, 1921, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleged occurred to him while in the employment of the Ohio Drilling Company on the 22nd day of September, 1920, near Slick, Okla., and the commission having considered the testimony taken at a regular hearing at Cushing, Okla., on the 22nd day of November, 1921, before a member of the commission, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by H. M. West, and having all the records on file in said cause and being otherwise well and sufficiently advised in the premises finds the following facts:

"1. That the claimant herein was in the employment of the Ohio Drilling Company and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment the claimant received an accidental injury on the 22nd day of September, 1920;

"2. That as a result of said accident the claimant suffered the loss of the use of the index finger on the left hand;

"3. That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period;

"4. That the claimant's average wage at the time of his injury was $14 per day.

"The commission is therefore of the opinion: That by reason of the aforesaid facts the claimant is entitled under the law of compensation at the rate of $18 per week for a period of 35 weeks.

"It is therefore ordered: That within ten days from this date the Ohio Drilling Company, or the Aetna Life Insurance Compa-

ny, pay to the claimant compensation computed from the 22nd day of September, 1920, at the rate of $18 per week, and continue said payments weekly for a period of 35 weeks until the sum of $630 is paid, and also pay all medical expenses incurred by said claimant as a result of said accident."

The petitioner's assignments of error are:

"(1) There was no evidence submitted to the commission which warranted commission in finding that the claimant was an employe of the Ohio Drilling Company, and such finding by the commission was unwarranted, and has no basis in the evidence offered before the commission, and could not be found as a fact, there being no evidence introduced which made it legally possible for the commission so to find.

"(2) The evidence at the hearing conclusively established that the claimant was not an employe of the Ohio Drilling Company, and that the said Ohio Drilling Company was a co-partnership, and that the said C. D. Hupp was one of the members of such co-partnership.

"(3) That the only finding that the commission had a legal right to make, in view of the evidence offered before it, was that the claimant, C. D. Hupp, was not an employe of the Ohio Drilling Company, and that the Ohio Drilling Company was a co-partnership and that said C. D. Hupp was one of the co-partners.

"Wherefore, upon final determination, petitioners pray that such award or decision be reversed and vacated."

Concerning these assignments of error, counsel for petitioners say in their brief:

"This is an appeal from an order of the State Industrial Commission, awarding compensation to C. D. Hupp on account of an injury sustained by him. The commission found that Hupp was an employe of the Ohio Drilling Company, and that while so employed he was injured, and entitled to compensation, and the Ohio Drilling Company and the Aetna Life Insurance Company, the insurance carrier, were ordered to pay the compensation awarded. It was contended at the hearing before the commission that Hupp was not an employe of the Ohio Drilling Company, but that the Ohio Drilling Company was a co-partnership and that Hupp was one of such co-partners. The commission found that Hupp was an employe of the Ohio Drilling Company, and awarded certain compensation.

"This appeal was perfected to review such decision on the ground that the finding of the commission to the effect that Hupp was an employe, was without any support whatever in the evidence.

"We understand that the law is that if there is any evidence whatever to support the commission's finding, it is conclusive as to any question of fact. It is our contention, however, that there was absolutely no evidence upon which the commission could base the finding."

It is perfectly clear that the evidence of the claimant, which was the only evidence introduced upon the subject, showed that the Ohio Drilling Company was a co-partnership, and that Hupp was one of the partners. It is true that the claimant, in response to the second question asked him, which was as to for whom he was working at the time of the injury, answered such question by saying that he was working for the Ohio Drilling Company. He makes perfectly clear, however, in his evidence that the Ohio Drilling Company was a co-partnership composed of himself, B. W. Hupp, John Lowry, and Billy Coon; that these four men owned the tools and participated equally in the profits; that they each took out $14 per day until the tools were paid out; that the four partners were the only employes of the partnership.

Counsel cite in support of their contention the decision of the Industrial Commission of this state in the case of Albert G. Kirby v. New Model Laundry Company, Aetna Life Insurance Company, insurance carrier, No. 691, Okla. Ind. Com. Rep., Vol. 1, page 62, where in the syllabus the commission said:

"Under the Workmen's Compensation Law of Oklahoma, a member of the partnership who works as a driver of an automobile delivery wagon for said partnership and while so engaged fractures his arm is not an employe within the meaning of the act. Compensation denied."

In the body of the opinion in this case, it was stated as follows:

"The commission has not been favored by any briefs in this case, and we have been unable to find any American cases on this proposition. The British act, in defining employer and employe, is similar to ours, and we have found a number of British cases construing their law. In the case of Ellis v. Ellis & Co. (1905) 92 L. T. 718, 7 W. C. C. 97, it was held: 'When partners entered into an agreement that one of their number should act as a working foreman and he received 33s a week for his services as such in addition to his share of the profits, it was held that his widow was not entitled to compensation from the other partners because of the death of such foreman partner by accident, as he was not a workman within the meaning of the act.'"

Counsel have cited no other cases in support of their contention, and we know of none, and it is apparent in the instant case

that the Industrial Commission has reversed itself and thereby refuses to follow its decision in the Kirby case, supra.

We are constrained to approve the holdings of the commission in the instant case.

Section 2, of art. 1, of the Workmen's Compensation Act (chapter 246, Session Laws 1915, as amended by chapter 14, section 2, Session Laws 1919), provides compensation shall be payable for injuries sustained by employes engaged in hazardous employment, which include the business of drilling wells by machinery, and subdivision 1, section 2, of chapter 14, provides that hazardous employment shall mean manual or technical mechanical work or labor connected with or incident to, one of the industries named in section 2. And subdivision 3, of sec. 3, art. 1, of chapter 246, Session Laws 1915, provides that "employer," except where otherwise expressly stated, means a business partnership, association, corporation and legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, employing workmen in hazardous employments, and shall include the state, county, city, or any municipality when engaged in a hazardous work within the meaning of this act in which workmen are employed for wages.

Subdivision 4 provides "employe" means any person engaged in manual or mechanical work, in the employment of any person, firm or corporation carrying on a business covered by the terms of this act." Section 1, of article 3, of chapter 246 of Session Laws 1915, as amended by section 1, at page 22, chap. 14, Session Laws, 1919, provides that "an employer shall secure compensation to his employes in one of the following ways: (a) By insuring and keeping insured the payment of such compensation," by some one of the character of the insurance companies named in the section.

The Workmen's Compensation Law, chapter 246, Session Laws 1915, has been uniformly held valid by this court against all attacks made upon it upon constitutional or other grounds. The reasons therefor were given in detail and at great length by this court in the case of Adams v Iten Biscuit Company, 63 Okla. 52, 162 Pac. 938, in an exhaustive opinion by Hardy J., and in Wick et al. v. Gunn et al., Ltd., v. Cook et al., 79 Okla. 282, 193 Pac. 36, and many other decisions of this court might be cited to the same effect. Likewise the act amendatory of the original act, chapter 14, Session Laws 1919, has been sustained by this court, and a very recent case is that of Missouri Valley Bridge Co. v. State Industrial Commission, decision April 25, 1922, 86 Okla.—, 207 Pac. 562, in which it was held, among other things, that the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor of or against the findings of fact made by the commission. Also, that these acts creating the Industrial Commission and defining its powers were a proper exercise of the police powers of the state by the Legislature, and were a departure from, and in derogation of, the common-law rule of damages, and that, under section 2948, Rev. Laws 1910, should be liberally construed so as to accomplish the legislative intent.

The attorney general, in his brief in support of the doctrine announced in the decision, supra, cites the case of City of Milwaukee v. Henry Miller et al., 154 Wis. 652, L. R. A. 1916A, 1, which is a very exhaustive opinion by Marshall, Justice, where, in the syllabus, it is said:

"3. In construing a statute which is referable to the police power and was originated to promote the common welfare, supposed to be seriously jeopardized by the infirmities of an existing system—the conditions giving rise to the law, the faults to be remedied, the aspirations evidently intended to be embodied in the enactment. and the effects and consequences as regards responding to the prevailing conception of the necessities of public welfare, should be considered and the enactment given such broad and liberal meaning as can be fairly read therefrom so far as required to effectively eradicate the mischiefs it was intended to obviate.

"4. Proper administration of the Workmen's Compensation Act requires appreciation of the manifest legislative purpose to abolish the common-law system regarding injuries to employes as unsuitable to modern conditions and conceptions of moral obligations, and erect in place thereof one based on the highest present conception of man's humanity to man and obligations to members of the employe class—one recognizing every personal loss to an employe, not self-inflicted, as necessarily entering into the cost of production and required to be liquidated in the steps ending with consumption.

"5. In dealing with a personal injury claim under the Workmen's Compensation

Act, the logic and makeweights formerly supposed to justify penalizing employers as wrongdoers, to the ultimate expense of consumers, should not be allowed to play any part; but the directly responsible party should be regarded as standing for the aggregate of consumers and joining with the injured person in submitting to the sound judgment of impartial administrators the question of how much, under all the circumstances, by legislative standards, should the public be burdened as a reparation to such person or his dependents for his or their loss."

As we have seen, the sole contention of counsel for the insurance carrier is that the finding of the commission that the claimant was an employe of the Ohio Drilling Company was without evidence to support it because the evidence showed that the claimant and three other persons named constituted the Ohio Drilling Company, and that the same was a partnership. The other findings of the commission—that the claimant received accidental injuries in the employment of the Ohio Drilling Company and engaged in a hazardous occupation, within the meaning of the statute, and in the course of his employment, and that as a result of said accident the claimant suffered the loss of the index finger on the left hand, and that the claimant's average wage at the time was $14 per day—are in no way assailed. We think that the construction of the Workmen's Compensation Act that a member of a partnership who works for the partnership, and who while so engaged is injured, is not an employe within the meaning of the act, is an exceedingly narrow construction of the act, where the sole reason therefor is that stated in the British case, supra, that a member of the partnership cannot place himself into the position of being a workman employed when he is one of the persons giving employment, and to so hold in the instant case would fail to satisfy the rule announced that the act should be liberally construed so as to effect the legislative intent. We see no good reason why the members of a partnership cannot jointly or severally perform the work of labor incident to the success of the joint undertaking and at the same time draw wages from the earnings of the partnership.

The undisputed testimony of the claimant that the claimant and three others constituted the Ohio Drilling Company, a partnership, and that they shared equally in the profits and each drew wages at the rate of $14 per day, and divided the excess profits equally among themselves, would not preclude the partnership, when engaged in a hazardous business, from coming within the provisions of the Workmen's Compensation Law; but, on the contrary, would compel the partnership to comply with the provisions of the law requiring it to provide compensation for its injured employes by furnishing insurance in one of the ways provided for in the act, and, as it seems, was done by the partnership in contracting with the insurance carrier herein for that purpose, and where the four members of the partnership were the sole employes of such partnership in carrying on its business and one happened to be accidently injured, that affords no reason for holding that in these circumstances there was any infringement of the provisions of the act, or breach of any contract for indemnity with the insurance carrier. The character of the business of the partnership brought them clearly within the provisions of the act, and the fact that the members of the parnership performed the labor incident to its business rather than hire other employes to perform the labor, it seems. in no way hazarded the risk of the insurance carrier or gave it any reasonable excuse for avoiding its obligation to the partnership or to the state.

We think that the Industrial Commission properly held as a matter of law, under the facts in the case, that the claimant was entitled to compensation, and therefore the action of the commission in so holding is affirmed.

HARRISON, C. J., and McNEILL, KENNAMER, and NICHOLSON, JJ., concur.