## ROBERTS v. HARLOW PUBLISHING CO.

No. 15798—Opinion Filed Feb. 17, 1925.

Rehearing Denied May 5, 1925.

(Syllabus.)

**Appeal and Error—Invalidity of Case-Made —Settlement Not in Accord with Notice.**

A notice served upon the defendant in error that case-made would be presented to the trial judge for signing and settlement at a place named, on October 2, 1924, is not sufficient to confer authority upon the trial judge to sign and settle said case-made at a different place, on the 27th day of September, 1924, in the absence of the defendant in error, and a case-made so settled and signed is a nullity.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Harlow Publishing Company against John V. Roberts. Judgment for plaintiff, and defendant brings error. Dismissed.

Daniel Huett, for plaintiff in error.

Adam S. Garis and Frank Eagin, for defendant in error.

NICHOLSON, C. J. This cause is before us on the motion of defendant in error to dismiss the appeal, and for judgment on the supersedeas bond.

It appears from the record that notice of settlement of case-made was served upon the defendant in error on September 27, 1924, and recited that said case-made would be presented to the trial judge for settlement and signing at his chambers in the city of Cherokee, Alfalfa county, on the 2nd day of October, 1924, at 9 o'clock a. m., but instead of presenting said case-made in conformity with said notice, the case-made was presented to, and settled and signed by the trial judge on the 27th day of September, 1924, at Enid, in Garfield county, without any appearance or waiver of notice by the defendant in error or its counsel.

This notice was insufficient to confer authority upon the trial judge to sign and settle the case-made at the time and place it was settled, in the absence of the defendant in error, and said case-made is a nullity.

The case-made is certified as a transcript, but as the errors assigned are such that they could only be presented by case-made, the petition in error presents nothing for review. The appeal is dismissed.

It appearing that the defendant in error is entitled to judgment on the supersedeas bond, it is ordered that the defendant in error do have and recover of and from J. E. Mahoney, surety on said bond, the sum of $200.25, and all costs, for which execution is awarded.

All the Justices concur.

Note.—See under (1) 4 C. J. p. 361, sec. 2014.