**DIXON CASING CREW et al. v. STATE INDUSTRIAL COMMISSION et al.**

No. 15790—Opinion Filed April 21, 1925.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—"Employe"—One of Associated Workers on Contract.**

One who associates himself with others under an agreement for performance of work and labor of a "particular piece of work" for an agreed wage is an employe of the person having the work executed, and the relation of employer and employe does not exist as between a member of such association and the association, under and by virtue of paragraph 4, sec. 2, ch. 61, Sess. Laws 1923.

Error from Order of State Industrial Commission.

Proceeding by the Dixon Casing Crew and another to review award of workman's compensation to W. A. Dixon. Reversed.

Ames, Lowe, Richardson & Cochran, for plaintiffs in error.

George F. Short, Atty. Gen., Fred Hansen, Asst. Atty. Gen., and Ernest J. Kubeck, for defendants in error.

LESTER, J. This is an appeal from the findings of the State Industrial Commission. The claim for compensation arose out of an injury to the claimant which occurred on the 16th day of June, 1924, and presents a question of law only.

The claimant, with four others, who styled themselves the Dixon Casing Crew, were engaged in running and pulling casing for the Gruver Drilling Company, and were paid $55 per day for their joint labor. The men divided the proceeds equally among themselves, except that Dixon, the claimant, was paid ten per cent. for collecting and keeping the time book. It appears that the men who associated themselves named their force the Dixon Casing Crew. When one of their number was off duty, a substitute would be used, who was selected and put to work by the crew. It is also shown that the Dixon Casing Crew had as its insurance carrier the Federal Surety Company.

After the injury and notice of the same and hearing had thereon before the State Industrial Commission, the Commission made its findings and order adjudging that the claimant, W. A. Dixon, was an employe of the Dixon Casing Crew, and that the Dixon Casing Crew and its insurance carrier, the Federal Surety Company, were liable to the claimant for such compensation, and further finding that the claimant was not an employe of the respondent, the Gruver Drilling Company, and releasing the Gruver Drilling Company and its insurance carrier, the Fidelity Union Casualty Company, from liability.

The Dixon Casing Crew and its insurance carrier, the Fidelity Surety Company, have appealed to this court from the order of the Commission.

In the case of Ohio Drilling Co. et al. v. State Industrial Commission, 86 Okla. 139, 207 Pac. 314, the injury occurred to the claimant on the 22nd day of September, 1920; in the instant case the injury occurred to the plaintiff on the 16th day of June, 1924. Otherwise, the facts in each case are very similar.

In the case of Ohio Drilling Co. et al. v. State Industrial Commission, supra, the court held:

"Where the business of a partnership is such as comes within the provisions of the Workmen's Compensation Law of this state, which compels the partnership to comply with the provisions of the law requiring it to provide compensation for its injured employes by furnishing insurance in one of the ways provided for in the act, which was done by the partnership by contracting with an insurance company for that purpose, and

where the partnership was composed of four members, who were the sole employes of such partnership in carrying on its business, and one of whom happens to be accidentally injured under the circumstances that would entitle an employe who was not a member of the partnership to compensation, likewise entitled the injured partner to compensation where the four members of the partnership performed all the labor incident to its business and did not hire other employes to perform the labor, and where each member of the partnership drew the same wage, which was paid from the earnings of the partnership, and the net income from the business of the partnership was equally divided between the four members thereof, the Industrial Commission was correct in holding that such injured employe was entitled to the compensation provided by the schedule of the act, and the order of the Commission awarding such compensation should be affirmed; and it is so ordered."

In paragraph 4, section 2, chapter 61, Sess. Laws 1923, the Legislature, in undertaking to further define an "employe," made the following provision:

" 'Employe' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm, or corporation carrying on a business covered by the terms of this act, and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such pe s ns so associating themselves together shall be deemed employes of the person having the work executed; provided, that if such associated workmen shall employ two or more laborers or workmen in the execution of such contract, then as to such employed workmen or laborers, both the associated employes and the principal employer shall at once become subject to the provisions of this act relating to independent contractors."

Eviden'ly the Legislature had in mind the question as to who was liable when several individuals associated themselves under an agreement for the performance of work and labor, and whether such an association was a partnership, and if such, could a copartner recover for an injury against the association while engaged in such employment, and on account of the fact that such question would more than likely arise when different interests conflicted and different insurance carriers attempted to shift the responsibility from one to another, that it was the intention of the Legislature to fix the standard of responsibility by passing legislation to clarify this condition, and to that

end it enacted the above-mentioned provision. In the instant case, five men associated themselves together; they performed work and labor for the Gruver Drilling Company; they were engaged in a particular kind of work; their scope of employment was broader than the act itself seems to define. They worked at a fixed rate per day. As seen, the act provides:

" 'Employe' means * * * and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employes of the person having the work executed."

The Gruver Drilling Company employed the Dixon Casing Crew; they paid the casing crew a certain wage per day for such work and labor. The work was executed for the Gruver Drilling Company, and every fact therein fits the conditions mentioned in the amended statute. By reason of the statutes having been amended since Ohio Drilling Company et al. v. State Industrial Commission, supra, was decided by this court, that case is clearly distinguishable from the principle announced in this case.

Under the evidence, this case involves the construction of a statute only, and it being clear that Dixon was one of the associate members who undertook, together with his other associates, to perform work and labor for the Gruver Drilling Company for hire, it therefore created the relation of employer and employe between the Gruver Drilling Company and the associate members of the Dixon Casing Crew. Dixon clearly was performing work and labor within the definition of the statute for the Gruver Drilling Company, and was not within the definition of an employer and employe as between the Dixon Casing Crew and himself as defined by the said act.

The order and judgment of the Commission is reversed, with directions to proceed in accordance with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) Workmen's Compensation Act, p. 47, § 38; anno. L. R. A. 1916A, pp. 115, 145; L. R. A. 1917D, p. 145; L. R. A. 1919F, p. 201; 28 R. C. L. p. 761; 3 R. C. L. Supp. p. 1592.