**TWIN STATE OIL CO. et al. v. SHIPLEY et al.**

No. 15642—Opinion Filed May 5, 1925.

Rehearing Denied June 2, 1925.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law — "Employe" Status — One of Associated Workmen on Contract Job.**

One who associates himself with others under an agreement for performance of work and labor of a "particular piece of work" for an agreed wage is an employe of the person having the work executed, and the relation of employer and employe does not exist as between a member of such association and the association, under and by virtue of paragraph 4, sec. 2, ch. 61, Sess. Laws 1923.

Error from State Industrial Commission.

Proceeding by the Twin State Oil Company and insurance carrier to review award of workman's compensation to J. L. Shipley. Affirmed.

Albert L. McRill, for petitioners.

George F. Short, Atty. Gen.. and Baxter Taylor. Asst. Atty. Gen., for respondents.

LESTER, J. This is an appeal from the finding of the State Industrial Commission. The facts in this case are very similar to those in the case of the Dixon Casing Crew et al. v. State Industrial Commission, which opinion was handed down by this court and filed on April 21, 1925, 108 Okla. 221, 235 Pac. 605.

In the instant case, J. L. Shipley and four others constituted what is commonly known in the oil industry as a casing crew. It appears that J. L. Shipley selected his associates and that the injured claimant, together with the other members of the casing crew, received $10 per day each; that Shipley would collect the entire amount from his employers and distribute in equal shares to those associated with him in the work. The injured claimant received no profit from the other members of the crew, and his manner of organizing the crew was for the purpose of having a complete crew when they offered themselves for employment.

A portion of the testimony, as disclosed by the record, is as follows:

"Q. At the time you were injured, you were working with a casing crew, were you? A. Yes, I was. Q. Who did you hire to? A. I hired to the Twin State Oil Company. Q. What boss? A. McNatt, farm boss. Q. What were you to receive per day for your work? A. $10. Q. How long had you been working for. the Twin State Oil Company when you received that injury? A. I worked off and on. Q. I mean at that time. A. I was working for about four hours. Q. When you were working for the Twin State Oil Company you were subject to the orders of the straw boss or immediate boss? A. Yes. Q. Did the man in authority, the boss of the Twin State Oil Company, give you orders what to do? A. Everything, gave me orders what to do and everything. Q. Was your duties the time you were injured what the boss told you to do? A. Yes, I was doing my part of the work."

In paragraph 4, section 2, ch. 61, Sess. Laws 1923, the Legislature, in undertaking to further define an "employe," made the following provision:

"'Employe' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this act. and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employes of the person having the work executed; provided, that if such associated workmen shall employ two or more laborers or workmen in the execution of such contract, then as to such employed workmen or laborers, both the associated employes and the principal employer shall at once become subject to the provisions of this act relating to independent contractors."

We are of the opinion that the claimant, J. L. Shipley, under and by virtue of the above-quoted statute, was an employe of the Twin State Oil Company, and the findings

and judgment of the State Industrial Commission are affirmed.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, and CLARK, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 47.