Note.—See under (1) 23 C. J. p. 151 §1972. (2) 29 Cyc. pp. 1152, 1153. (3) 29 Cyc. pp. 1153, 1154, (4) 29 Cyc. p. 1174 (Anno). (5) 29 Cyc. pp. 1156, 1234. (6) 29 Cyc. pp. 1185, 1186. (7) 29 Cyc. p. 1186. (8) 32 C. J. p. 43 §22. (9) 4 C. J. p. 898 §2860; 29 Cyc. p. 1174 (Anno). See under (2, 5) anno. 23 A. L. R. 1098; 20 R. C. L. p. 384; 3 R. C. L. Supp. p. 1063; 4 R. C. L. Supp. p. 1357; 5 R. C. L. Supp. p. 1103. (4) anno. 35 A L. R. 95; 5 R. C. L. Supp. p. 1104. (7, 8) anno. 7 A. L. R. 749; 26 A. L. R. 937; 20 R. C. L. Supp. p. 478; 3 R. C. L. Supp. p. 1079; 4 R. C. L. Supp. p. 1364; 5 R. C. L. Supp. p. 1111.

---

KNOX & SHOUSE et al. v. KNOX et al.

No. 16329—Opinion Filed Nov. 10, 1925.

Rehearing Denied Nov. 9, 1926.

1. **Master and Servant — Workmen's Compensation Law—Review—Errors of Law.**

A suit in the Supreme Court to review an award of the Industrial Commission must be to review an error of law and not an error of fact, the decision as to all matters of fact being final. Northeast Okla. Ry. Co. v. State Ind. Com., 88 Okla. 146, 212 Pac. 136.

2. **Same—Right to Compensation — Partner as "Employe."**

Where the business of a partnership is such as comes within the provisions of the

Workmen's Compensation Law and is provides insurance for its injured employes, and one of the said parties of said partnership is employed for wakes and engeges in hazardous work of the business, and while so engaged is injured, he is entitled to compensation under said act the same as any employe not a member of the partnership.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Appeal from State Industrial Commission.

Action by Knox & Shouse, a copartnership, and United States Casualty Company to review award of workman's compensation to Earl Knox. Affirmed.

Ernest J. Kubeck, for petitioners.

The Attorney General, for respondents.

Opinion by THREADGILL, C. The petitioners have appealed from an order of the Industrial Commission awarding compensation to the claimant, Earl Knox, on account of injuries sustained by him on July 30, 1924, while in the employ of the Knox & Shouse partnership. The findings of the Commission were as follows:

"That on the 30th day of July, 1924, Earl Knox and Frank Shouse were members of a copartnership engaged in the operation of a hazardous industry covered by and subject to the provisions of the Workmen's Compensation Law, to wit, the drilling of oil wells and work incident thereto; that the said partnership employed a number of workmen and that Earl Knox, claimant herein, was an employe of said copartnership and was engaged in manual and mechanical labor connected with and incident to said hazardous industry and that, claimant received, in addition to any profits derived from said copartnership, wages at the rate of $10.00 per day, the same being the wage received by other employes performing the same kind of work in the employment of said copartnership; that while in the course of such employment and arising out of same, claimant sustained an accidental injury on the 30th day of July, 1924, and as a result thereof was temporarily totally disabled from performing ordinary manual labor from July 30, 1924, to November 15, 1924, on which date claimant had not fully recovered; that respondent provided necessary medical and surgical attendance and treatment for said injury."

Upon these findings of fact the Commission made an award to Earl Knox in the sum of $18 per week from August 4, to November 15, 1924, and all medical expenses.

Petitioners urge three grounds for a reversal of the order as follows:

"1. That the finding by the State Industrial Commission that Earl Knox was an employe of Knox & Shouse is a conclusion of law and is not supported nor sustained by the evidence offered before it.

"2. That the finding that the said Earl Knox was an employe of Knox & Shouse is contrary to law, in that the said Earl Knox was not an employe within the meaning of the Workmen's Compensation Laws of the state of Oklahoma.

"3. That the findings and order of the State Industrial Commission against the United States Casualty Company are illegal and erroneous, in that they are not supported by the evidence offered before it."

We have examined the evidence, and find that so far as the facts are concerned, the evidence fully sustains the findings and order of the Commission. Every question raised by the petitioners and every proposition urged for a reversal have already been passed on by this court, adversely to their contentions.

The findings of the Commission are conclusive upon this court where there is any evidence reasonably tending to support the same. Grace v. Vaught et al., 108 Okla. 187, 235 Pac. 590.

The question of the right of a partner while a member of the partnership to become a claimant and entitled to an award is settled by the case of Ohio Drilling Company v. State Industrial Commission et al., 86 Okla. 139, 207 Pac. 314.

These decisions are controlling in this case, and petitioners fail to give us any satisfactory reason for overturning them. The award of the Commission should be affirmed.

By the Court: It is so ordered.