## GRUVER DRILLING CO. v. MORROW et al.

No. 16635.    Opinion Filed July 5, 1927.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Liability of Associated Workmen to Compensate Extra Employee for Injuries.**

Where several workmen associate themselves together under an agreement for performance of a particular piece of work and such associated workmen employ two or more extra workmen in the execution of such work under such agreement and such associated workmen carry compensation insurance for their employees, as provided by Workmen's Compensation Act, and one of the extra employees of said associated workmen is injured while engaged in such work, said associated workmen, and their insurance carrier, are liable for such injury.

Commissioners' Opinion, Division No. 2.

Error from Order of State Industrial Commission.

Proceedings by the Gruver Drilling Company to review award of workman's compensation to Guy Morrow. Reversed.

Burford, Miley, Hoffman & Burford, for Gruver Drilling Company, petitioner.

Ames, Lowe & Cochran, for Dixon Casing Crew and Federal Surety Company, respondents.

HERR, C.  This is an appeal from an order of the State Industrial Commission awarding compensation to respondent, Guy Morrow, under Workmen's Compensation Act, against the petitioner, Gruver Drilling Company, and its insurance carrier.

Claimant, Guy Morrow, was injured on the 12th day of December, 1924, while engaged in running casing in an oil well, which said casing was so being run by a concern known as the Dixon Casing Crew, operating under a contract with the Gruver Drilling Company. petitioner herein. The said Dixon Casing Crew had as its insurance carrier the Federal Surety Company. Immediately after his injury, claimant made claim for compensation, under Workmen's Compensation Act, before the State Industrial Commission against the Dixon Casing Crew and its insurance carrier, the Federal Surety Company.

Hearing was had on said claim before the Commission on June 29, 1925. At the conclusion of the testimony, counsel for the

Dixon Casing Crew and its insurance carrier interposed a demurrer to the evidence.

At this time, one E. J. Kubeck, counsel for ,the U. S. Casualty Company, insurance carrier for the petitioner herein, entered his voluntary appearance and waiver of notice, which appearance and waiver the said Industrial Commission construed as an appearance and waiver on behalf of both the U. S. Casualty Company and the Gruver Drilling Company, petitioner herein, proceeded with the hearing, and at the conclusion of all the testimony entered its award, awarding compensation to the claimant at the rate of $18 per week from September 17, 1924, to November 11, 1924, against the petitioner herein, the Gruver Drilling Company, and its insurance carrier, the U. S. Casualty Company, absolving the Dixon Casing Crew and its carrier from all liability. From said order and judgment of the State Industrial Commission, the Gruver Drilling Company appeals.

Without deciding, assuming that the appearance made and entered by Mr. Kubeck was binding on the petitioner, Gruver Drilling Company, we will proceed to determine the case upon its merits.

The only question involved in this appeal, necessary to a decision, is whether claimant, at the time of his injury, was an employee of the petitioner, Gruver Drilling Company, or whether he was, at said time, an employee of the Dixon Casing Crew. The evidence discloses that the said Dixon Casing Crew was composed of one Mr. Dixon and four other men associating themselves with him; that the said casing crew was engaged by the Gruver Drilling Company to run casing in an oil well; that the Dixon Casing Crew employed on said job as extra workmen the claimant and two other extra men; that the claimant herein was employed by a member of the said casing crew and was to be paid by Mr. Dixon, manager of said crew; that he was to receive as his wages the sum of $8 per day, provided he was paid immediately upon the completion of the work, or $9 per day if not paid until the said casing crew received its pay from the Gruver Drilling Company.

The said claimant was employed on this particular job and this job alone. The claimant, among other things, testified as follows:

"I was employed on this particular job. When this job was done I had no more job."

Mr. Dixon, a member of the Dixon Casing Crew, also testified that claimant was employed by a member of this casing crew as an extra workman on this particular job. At the conclusion of the testimony, the State Industrial Commission, among others, made the following finding of fact:

"That on said date, September 12, 1924, the members of the Dixon Casing Crew, respondent herein, were engaged in manual and mechanical labor incident to the placing of casing in a well being drilled by respondent, Gruver Drilling Company, the said Dixon Casing Crew being composed of a number of workmen who had associated themselves together for the performance of a particular piece of work, to wit, manual and mechanical labor connected with and incident to the casing of oil wells; that claimant was not a regular member of said casing crew, but had performed similar labor with said crew for different employers prior to September 12, 1924; that on September 12, 1924, claimant and four other workmen were associated together for the performance of manual and mechanical labor incident to the casing of a well for the Gruver Drilling Company. The Commission further finds that the said Dixon Casing Crew had secured the payment of workmen's compensation on said date and that the Federal Surety Company had issued a standard workmen's compensation insurance policy covering the liability of said casing crew to its employees under the Workmen's Compensation Law."

It will be observed that the Commission finds that the claimant was not a regular member of the Dixon Casing Crew, but does find that said claimant and four other workmen were associated together for the performance of manual and mechanical labor incident to the casing of a well for the Gruver Drilling Company.

The evidence is conclusive that the only sense in which claimant was associated with the other four workmen in performing this labor was in the sense that he was working with them on the same job, as an extra employee, employed by them at a wage of $8 or $9 per day, depending upon the time at which payment was to be made.

Under the evidence in this case, claimant, unlike the regular members of said crew, had no voice in the management of the affairs of said crew; had no authority to employ nor direct them in the execution of their work, but, on the contrary, was himself at all times under their absolute directions and control. In these circumstances, it occurs to us that it is idle to argue that claimant was not an employee of said crew.

Paragraph 4, section 2, chapter 61 of S. L. 1923, provides as follows:

" 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this act, and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; **provided, that if such associated workmen shall employ two or more laborers or workmen in the execution of such contract, then as to such employed workmen or laborers, both the associated employees and the principal employer shall at once become subject to the provisions of this act relating to independent contractors."** (Emphasis ours.)

As before stated, the evidence discloses that in addition to the employment of the claimant, the said Dixon Casing Crew had employed, on this particular job, two other extra men.

We are of the opinion that this case is governed by the proviso contained in the section of the act above quoted. The said Dixon Casing Crew having employed three extra men on this particular piece of work, under the proviso above quoted, the law relating to independent contractors applies.

Under the statute pertaining to independent contractors, the original contractor is only secondarily liable, that is, only liable in the event the independent contractor fails to carry compensation insurance for the workmen employed by such independent contractor. Green v. State Industrial Commission, 121 Okla. 211, 249 Pac. 933.

The evidence discloses, and it is so found by the Industrial Commission, that the Dixon Casing Crew had for its insurance carrier the Federal Surety Company.

We, therefore, conclude that the said Dixon Casing Crew and its insurance carrier, the Federal Surety Company, are liable for this injury and that claimant was in no sense an employee of the Gruver Drilling Company at the time the injury occurred.

Counsel for respondent contend that the claimant was a member of the partnership comprising the Dixon Casing Crew and, therefore, said casing crew and its insurance carrier are not liable, and base such contention on the theory that a partner cannot be an employee of the partnership, and further contend that the holdings of this court to the contrary in the cases of Ohio Drilling Company v. State Industrial Commission, 86 Okla. 139, 207 Pac. 314, and Knox & Shouse v. Knox, 120 Okla. 45, 250

Pac. 783, are contrary to the weight of authority, and should be overruled. This contention may be dismissed with the statement that the evidence is conclusive that claimant was not a partner with the members comprising the said casing crew, and the State Industrial Commission so found.

It is further contended by counsel for respondent that the award of the Industrial Commission is sustained by the following cases: Dixon Casing Crew v. State Industrial Commission et al., 108 Okla. 211, 235 Pac. 605, and Twin State Oil Co. v. Shipley, 113 Okla. 3, 236 Pac. 578.

In the case of Dixon Casing Crew v. State Industrial Commission et al., the claimant was W. A. Dixon, himself member and also the manager of the casing crew, and at the time of the injury was engaged, as a member of said crew, in running and pulling casing under contract with the Gruver Drilling Company. Under this state of facts, the court held the said W. A. Dixon to be an employee of the Gruver Drilling Company, under the terms of the act above quoted. A similar state of facts exists in the case of the Twin State Oil Co. v. Shipley, supra.

It is obvious that these decisions have no bearing upon the facts in this case.

We are firmly of the opinion, under the evidence in this case, and the act above quoted, that claimant was an employee of the Dixon Casing Crew at the time he received his injury and that the said crew and its insurance carrier, the Federal Surety Company, are liable for such injury.

The order and judgment of the State Industrial Commission should be reversed, with directions to proceed in accordance with the views herein expressed.

BENNETT, DIFFENDAFFER, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts, C. J. p. 46, §37.