**NEWBLOCK et al. v. CASEY et al.**

No. 29037.    Oct. 10, 1939.

Everett Petry, of Tulsa, for petitioners.

Cannon B. McMahan, of Okmulgee, Johnson & Jones, of Bristow, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original action to review an award of the State Industrial Commission entered in favor of J. B. Casey, hereinafter referred to as respondent, against E. I. Newblock, the Shell Creek Oil Corporation and the National Mutual Casualty Company, the insurance carrier of Newblock, hereinafter referred to as petitioners.

Respondent Casey was the manager of a casing crew consisting of himself and four other men. He was injured while running casing on a lease known as the Keaton lease in Okmulgee county, Okla. Neither the extent of his injuries nor the degree of disability is involved herein. The award was for temporary total disability.

The first contention is that Casey was not an employee, but an independent contractor. In this connection the record discloses that respondent and his crew were employed to run casing; that the crew received a daily wage of $35. Each member of the crew, including respondent, received $6 per day and $5 was used for transportation and the necessary equipment. Section 13350, O. S. 1931, 85 Okla. St. Ann. § 3, in part, provides:

"4. 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person. firm or corporation carrying on a business covered by the terms of this act, *and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed.* * * *"

This provision of the statute was con-

strued and applied in the case of Dixon Casing Crew v. State Industrial Commission, 108 Okla. 211, 235 P. 605. The facts involved therein are similar to the facts involved in this case. Therein it was held that a member of a casing crew was an employee of "the person having the work executed." We can perceive no reason why the statutory definition is not applicable in the instant case.

It is further contended that if respondent Casey was an employee, he was an employee of Shell Creek Oil Company, and not of E. I. Newblock. In this connection the record discloses that the lease involved herein was of record in the name of E. I. Newblock, and that the proceeds from the operation of the lease were paid directly to him. He testified that he organized the Shell Creek Oil Company; that he, his wife, and daughter owned all of the stock in the corporation except five shares, which were held by his bookkeeper; that upon receipt of the proceeds arising from the operation of the lease they were transferred immediately by him to the corporation, and all of the expenses of the operations were paid by checks issued against the corporation. We quote from his testimony as follows:

"Q. The Shell Creek Company received all of the proceeds from the sale of the oil from the Keaton lease? A. Yes, sir. Q. And they paid or it paid all the expenses of the operation of that lease? A. Yes, sir. Q. Including whatever was paid to Mr. Casey and his casing crew that was running the casing on No. 3 on May 11, 1938? A. Yes, sir. Q. The Shell Creek Company has a separate set of books and keeps all of those disbursements in its own set of books? A. Yes, sir. Q. And the amount paid to Mr. Casey for his casing crew as well as all other development and operations on the Keaton lease was paid by the Shell Creek Oil Company? A. Yes, sir. Q. You, Mr. E. I. Newblock, had no employees on May 11th, engaged in the oil and gas production other than these that were working? A. I employ them all. I am responsible for them, but I pay out of the Shell Creek. Q. And the Shell Creek gets the proceeds from the lease? A. Yes, sir. I turn it over to them as a clearance account. Every employee down there was under my supervision. Q. You did that because the actual ownership was in these various interests and the stock was in that company, is that right? A. Yes, sir."

It is shown that respondent Casey was hired by E. A. Smith, the superintendent in charge of the lease, who was authorized to employ and discharge workmen engaged in the operations on the lease. It therefore appears that there is ample competent evidence to sustain the finding of the Industrial Commission that respondent was an employee of E. I. Newblock and the Shell Creek Oil Corporation.

The insurance policy involved herein was issued to E. I. Newblock. The insurance carrier contends that respondent was an employee of the Shell Creek Oil Corporation, and therefore it is not liable, since the policy only covers the employees of Newblock. This contention is untenable. The record discloses that the policy was issued for the purpose of covering employees engaged upon the lease herein involved.

The award is sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ. concur. CORN and GIBSON, JJ., absent.