CORLEE et al. v. CORY et al.

*99 P. 2d 123.*

No. 28959. Feb. 13, 1940.

A. L. Commons, of Miami, for petitioners.

Morrison & Bannister, of El Reno, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This proceeding was brought by Fred Corlee and the Tri-State Casualty Insurance Company, petitioners, to review an award of the State Industrial Commission made in favor of Robert Cory and against Cliff Schlosser primarily and Fred Corlee and the Tri-State Casualty Insurance Company, in-

544

surance carrier, secondarily, under the provisions of section 13351, O. S. 1931, 85 Okla. Stat. Ann. § 11.

On February 16, 1937, Robert Cory filed employee's first notice of injury and claim for compensation in which it is stated that while employed by Fred Corlee and Cliff Schlosser he was injured December 31, 1936, while painting a high school building in El Reno, Okla. A varnish remover ignited and he was burned. His immediate employer was Cliff Schlosser, and on the 28th day of July, 1938, the State Industrial Commission entered an award against Cliff Schlosser primarily and Fred Corlee and the Tri-State Casualty Insurance Company under the provisions of section 13351, O. S. 1931, 85 Okla. Stat. Ann. § 11 (see Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 87 P. 2d 298), which renders liable certain employers who hire independent contractors not covered by the Workmen's Compensation Law, sec. 13348, O. S. 1931, 85 Okla. Stat. Ann. § 1.

The nature and extent of the disability is not an issue, and the sole question presented is the correctness of the award entered against Fred Corlee and the Tri-State Casualty Insurance Company on the theory that the said Fred Corlee hired and employed the said Cliff Schlosser, who in turn hired the respondent.

We are of the opinion, and hold, that the award must be vacated as to Fred Corlee and the Tri-State Casualty Insurance Company, insurance carrier. The evidence discloses that Cliff Schlosser presented his separate bid for the paint work to be done on said building to the board of education of the city of El Reno, and that his bid was accepted by the board of education of the city of El Reno, and he was therefore employed by said board of education and not by the petitioner Fred Corlee. Under such circumstances there is no liability against Fred Corlee or his insurance carrier under the provisions of section 13351, O. S. 1931, supra, or any other provision of the Workmen's Compensation Law. Section 13348, O. S. 1931, et seq., 85 Okla. Stat.

Ann. § 1 et seq. The award is therefore not properly entered against the said Fred Corlee and the Tri-State Casualty Insurance Company, and is hereby vacated as to them. In all other respects the award is sustained. Award vacated in part and sustained in part.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.