ANDREWS MINING & MILLING CO.
v. RHODES et al.

No. 30630. Feb. 16, 1943.

*134 P. 2d 128.*

A. L. Commons, of Miami, for petitioner.

A. H. Garner, of Joplin, Mo., J. J. Smith, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Andrews Mining & Milling Company, hereinafter referred to as petitioner, to obtain a review of an award which was made by a trial commissioner of the State Industrial Commission in favor of Harold Thomas Rhodes, hereinafter referred to as respondent.

The award was for a temporary total disability and authorized medical expenses. The nature and extent of the disability are not here involved and need not be considered. The sole issue presented for determination is whether the relation of employer and employee existed between the petitioner and the respondent on the date the accidental injury occurred.

The record shows that peititoner was the owner of a lead and zinc mine which it had operated through its employees until March 8, 1941, and that respondent was one of its employees during said period; that on March 8, 1941, petitioner leased the mine involved to one Ben Walkenshaw by written lease whereunder said lessee was to operate the mine to comply with all necessary requirements of the Workmen's Compensation Law and receive 80 per cent of the proceeds from all ore mined after royalty and milling charges had been deducted by the Beck Mining Company, which company was to mill the ore. The record further shows that Ben Walkenshaw, after the foregoing lease agreement had been entered into, arranged with a number of petitioner's former employees, including the respondent here, to continue to perform their duties in and around the mine and in lieu of wages to accept a division of the net proceeds received from the ore mined under the lease contract which Walkenshaw had with the petitioner.

The trial commissioner found that respondent had sustained an accidental personal injury on March 17, 1941, while working under the last-above detailed arrangement, and that Walkenshaw and his fellow workers were operating the mine as associated workmen, and that respondent should be deemed to be an employee of the petitioner under the definition of that term in the case of associated workmen as made by 85 O. S. 1941 § 3, subd. 4.

The petitioner concedes that the date of the injury was properly found by the trial commissioner, and urges that since the injury was found to have happened at a time when the mine was being operated by petitioner's lessee, there was an absence of the relation of employer and employee between the petitioner and the respondent, and that therefore the commissioner was without jurisdiction to make the respondent an award. In support of the contention so advanced we are cited to Southwestern Bridge & Culvert Co. v. Sullenger et al., 163 Okla. 68, 20 P. 2d 891; Maryland Casualty Co. v. Rose, 163 Okla. 76, 20 P. 2d 1046; Roach v. J. S. Bryan & Sons Corporation, 184 Okla. 211, 86 P. 2d 304. An examination of the cases just cited will reveal that they are authority for the rule that the relation of master and servant is a prerequisite to the jurisdiction of the State Industrial Commission to make an award of compensation.

The respondent in his brief concedes that the sole issue to be determined is whether Harold Thomas Rhodes on the date of the accident was an employee of the Andrews Mining & Milling Company, and whether the relation of master and servant existed between them at that time, and thereupon insists that the finding by the trial commissioner, while erroneous as to the date the injury occurred, was conclusive upon the existence of the relation of master and servant, since the trial commissioner found that respondent was an associated workman engaged in doing a particular piece of work for the petitioner and therefore deemed to be an employee within the definition contained in 85

O. S. 1941 § 3, subd. 4. In support of the contention thus made we are cited to Coweta Casing Crew v. Horn, 106 Okla. 138, 233 P. 475; Dixon Casing Crew Co. v. Industrial Commission, 108 Okla. 211, 235 P. 605; Twin State Oil Co. v. Shipley, 113 Okla. 3, 236 P. 578. An examination of the cases so cited will reveal that they are authority for the rule that where workmen associate themselves together to perform a particular piece of work at an agreed wage, they are to be deemed employees of the person having the work performed.

As hereinabove stated, the issue involved is a jurisdictional one. Since if under the law the respondent cannot properly be deemed an employee within the definition of the term as contained in 85 O. S. 1941 § 3, subd. 4, the State Industrial Commission was without jurisdiction to make any award in favor of the respondent and against the petitioner. We have said in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; Tulsa, Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777, and in a number of other cases that the findings of fact by the State Industrial Commission on issues related to the existence of its jurisdiction are not binding or conclusive on review here, but that it is the duty of this court in such a case to weigh the evidence and to arrive at its own view of the effect thereof in order that judicial process may be afforded the complaining party, it being recognized that the State Industrial Commission is not a court but rather an administrative body exercising some functions judicial in their nature. See, also, Griffin v. Holland, 191 Okla. 417, 131 P. 2d 113.

Applying the rules announced in the foregoing cases to the award here under review, we find that the relation between the petitioner and Ben Walkenshaw was that of lessor and lessee after the 8th day of March, 1941. We find further from the evidence that the respondent after the last-named date worked under an arrangement with Walkenshaw whereby he was to accept a proportionate part of the proceeds from the ore mined as wages for his services, and that payment was made to respondent under this arrangement. Where the relation between a mine owner and the operator is that of lessor and lessee, the lessor is exempt from liability to an employee of the operator by virtue of the provisions of the statute (85 O. S. 1941 § 11). See Magnolia Petroleum Co. v. Jones, 184 Okla. 103, 85 P. 2d 274; Myers Mining & Milling Co. v. Tennant, 174 Okla. 16, 49 P. 2d 706; LeFlore County Coal Co. v. State Industrial Commission, 147 Okla. 247, 296 P. 387.

Since our independent examination of the record discloses that the relation of employer and employee between the petitioner and respondent did not exist at the time respondent sustained his injury, it necessarily follows that the Industrial Commission was without jurisdiction to make the award which it attempted to make in favor of the respondent. See Mastin v. Black, 176 Okla. 46, 54 P. 2d 399. The award is vacated, with directions to dismiss the claim.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, J., dissents. ARNOLD, J., absent.