## PANTHER COAL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 33442. Nov. 29, 1949.

*212 P. 2d 133.*

E. O. Clark, of Stigler, for petitioner.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, for respondents.

ARNOLD, V. C. J. Matt Krisher, operating individually under the company name of Panther Coal Company, secured a mining lease on segregated coal lands from the Chickasaw and Choctaw Indian tribes. He prepared a portion of the ground for mining operations and operated a mine and produced coal therefrom. Because of difficulty in getting employees, his sons who had theretofore worked for him being in the Army, he quit operating the mine. By oral agreement he turned the operation of the mine over to a group of men, including claimant, on a compensation basis of 50c per ton.

Krisher received the sale price of all coal produced by the associated members and distributed to the individual members the money earned by them based on their individual production and he paid the tribes the royalty provided by the terms of his lease with the tribes.

The claimant was injured during the course of the mining operations conducted by the associated workmen and his hospital bills, etc., were paid by the associated members, the exact manner thereof not being disclosed by the record.

The only contention made in this case is that under 85 O. S. 1941 §3, the injured claimant, Kokaski, was an employee of Krisher (Panther Coal Company). The provision of the statute is as follows:

" 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this Act, and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; . . ."

We had occasion to construe and apply the foregoing provision in Gruver Drilling Co. v. Morrow, 126 Okla. 18, 257 P. 1104; Newblock v. Casey, 185 Okla. 515, 95 P. 2d 106; and Dixon Casing Crew v. State Industrial Commission, 108 Okla. 211, 235 P. 605. In those cases we held associated members of casing crews called in to case wells drilled by oil companies, a necessary and precedent thing to be done by the company in the completion of wells, were employees under the foregoing statute. Those cases are not in point here because Krisher was not operating the mine in question although he had a right to under his lease. He merely exercised the additional right of subletting to the associated members or giving them the right to exercise his privileges under his lease.

The method of distribution of the money earned by the association or its members does not change the conclusive fact that Krisher was not operating the mine. The associated members constituted the actual and exclusive operator. Obviously, said members, in-

cluding the claimant, were not employees of Krisher and the foregoing statute has no application, and the award of the Industrial Commission against Matt Krisher must be vacated. See Andrews Mining & Milling Co. v. Rhodes, 192 Okla. 73, 134 P. 2d 128; Magnolia Pet. Co. v. Jones, 184 Okla. 103, 85 P. 2d 274, and related cases therein cited.

Award vacated.

DAVISON, C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'-NEAL, JJ., concur. CORN, J., dissents.