KEELING v. SCHUMAN BROS. LBR. CO. et al.

No. 34741. March 20, 1951.

*229 P. 2d 193.*

L. O. Todd and B. W. Tabor, Tulsa, for petitioner.

Mont R. Powell and Anthony R. Kane, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON J. Sherman Keeling, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a carpenter for the respondent Schuman Brothers Lumber Company, he sustained an accidental injury on December 7, 1949, when he fell from a ceiling joist while erecting a pre-fabricated garage. Following a hearing, the trial commissioner entered an award for claimant, but on appeal the commission en banc found that claimant was an independent contractor and denied an award.

The sole issue in this proceeding is the alleged error in finding that claimant was an independent contractor. The evidence discloses that Sherman Keeling and W. E. Cook were general partners engaged in carpenter work and construction of buildings. On the 26th day of November, 1949, they entered into a written contract agreeing to construct and erect pre-fabricated garages for the respondent Schuman Brothers Lumber Company. This contract allowed them complete control as to the time and manner of erecting the garages except as to the blue print specifications furnished with each garage. They were to receive $40 for the erection of each garage on a foundation already completed. There is a dispute as to whether the contract was signed before or after the commencement of the first garage. This is immaterial. They could either do the work themselves or hire it done. They hired one laborer in addition to themselves. After the expense of labor and anything incident to the completion of the job they divided the $40 equally. They drew no other wages or compensation. They had erected three garages and were in the process of erecting the fourth garage when the claimant fell and sustained his injury.

Claimant relies upon 85 O.S. 1941 §3, subd. 4, which is in part as follows:

" 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this Act, *and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; . . .*" (Emphasis ours).

He claims to come within the purview of the emphasized portion of section as quoted. We discussed the applicability of this section in Panther Coal Co. v. State Industrial Commission et al., 202 Okla. 243, 212 P. 2d 133. Therein the court stated:

"We had occasion to construe and apply the foregoing provision in Gruver Drilling Co. v. Morrow, 126 Okla. 18, 257 P. 1104; Newblock v. Casey, 185 Okla. 515, 95 P. 2d 106; and Dixon Casing Crew v. State Industrial Commission, 108 Okla. 211, 235 P. 605. In those cases we held associated members of casing crews called in to case wells drilled by oil companies, a necessary and precedent thing to be done by the company in the completion of wells, were employees under the foregoing statute. . . ."

This section of the statute does not apply to a general partnership engaged in erecting buildings as independent contractors. The distinction between employee and independent contractor is discussed in Producers' Lumber Co. et al. v. Butler et al., 87 Okla. 172, 209 P. 738; Matherly v. Hamer et al., 174 Okla. 403, 50 P. 2d 619; and Williams et al. v. Branum et al., 192 Okla. 129, 134 P. 2d 352. In Williams v. Branum, supra, we held that this court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of

fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent finding of fact and conclusions of law. In Matherly v. Hamer, supra, we said:

"In determining whether the relation between principal contractor and another engaged in work on the subject-matter of the contract is that of master and servant or an independent contractor, the test is whether the principal contractor reserves the power to control the latter."

In Producers' Lumber Co. v. Butler, supra, it is stated:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work."

The partnership of Cook and Keeling, of which claimant was a member, was not a group of workmen associating themselves under an agreement for the performance of a particular piece of work, but was a general partnership where the partners were engaged in the construction of buildings. As a member of such firm claimant was not an employee of the respondent Schuman Brothers Lumber Company. If claimant had been working alone and had hired another man to erect the garage, under the circumstances, it is plain that he would have been an independent contractor; Producers' Lumber Co. v. Butler, supra; Matherly v. Hamer, supra. Then, for the stronger reason, he was not an employee while he was a member of a partnership performing the same or similar duties. Subdivision 4, supra, merely provides that if one person acting separately would be an employee, a number acting together do not cease to be employees because there are several.

Claimant argues that it may be conceded that he is not an employee of respondent, but since the partnership of Cook and Keeling was engaged as independent contractors in hazardous employment and did not carry insurance or otherwise comply with 85 O. S. 1941 §1 et seq., with respect to coverage on its employees, respondent Schuman Lumber Company is liable, under 85 O.S. 1941 §11, which makes specific provisions for such liability.

Claimant cites and relies upon Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 P. 314, and Knox & Shouse et al. v. Knox et al., 120 Okla. 45, 250 P. 783, which hold that a member of a partnership may be an employee of the partnership so as to hold the partnership liable to such partner employee under the Workmen's Compensation Law for an injury arising out of and in the course of his employment.

Respondents attempt to distinguish these cases on their fact situation and cite several cases to establish this distinction. These cases are not in point in the case at bar. Claimant filed no claim against the partnership and seeks no award against the partnership. The above statute provides and this court has many times held that the liability therein created is secondary. Corlee et al. v. Cory et al., 186 Okla. 543, 99 P. 2d 123; Buckner et al. v. Dillard et al., 184 Okla. 586, 89 P. 2d 326. Until claimant seeks a primary award against the partnership of Cook and Keeling, the secondary liability under 85 O. S. 1941 §11 is not involved.

Finding no error, the order denying the award is sustained.