**LeFLORE COUNTY COAL CO. et al. v.
STATE INDUSTRIAL COMMISSION et al.**

No. 21444.   Opinion Filed Feb. 24, 1931.

C. C. Williams, for respondent J. W. Skipper.

J. Berry King, Atty. Gen., for Industrial Commission.

McNEILL, J.  This is a proceeding by petitioners, LeFlore County Coal Company, W. J. Echols, W. H. Johnson, and E. F. Maley, to review an award and judgment of the State Industrial Commission made and entered against them on May 30, 1930, in an original action before said Commission, styled J. W. Skipper v. Standard Coal Mining Company, Respondent.  On February 23, 1928, said claimant, Skipper, received certain injuries in a coal mine operated by the Standard Coal Mining Company.  The Commission made an award holding said Standard Coal Mining Company liable, which award was affirmed by the Supreme Court of this state on October 1, 1929 (139 Okla. 269, 281 Pac 966). Thereafter, on April 23, 1930, said claimant filed a motion in said original action to make said petitioners additional parties respondent, and, after a hearing, the said Commission made its aforesaid award of May 30, 1930, holding said Standard Coal Mining Company primarily liable for compensation in favor of claimant Skipper, and said petitioners secondarily liable therefor.

It appears, at the time of the injury complained of herein, that the respondent was an employee of the Standard Coal Mining Company, which company was in possession of and mining coal from mine No. 5 of the LeFlore County Coal Company, in LeFlore county, by virtue of a certain agreement entitled "lease-agreement" made and

entered into on the 30th day of June, 1926, by and between the LeFlore County Coal Company and the Standard Coal Mining Company.

In determining whether the award of the Commission should be affirmed or set aside, it is necessary to examine this lease-agreement, a portion of which is as follows:

"Witnesseth:  That the lessor, in consideration of the sum of one dollar ($1.00), the receipt of which is hereby acknowledged, and in further consideration of other payments hereinafter provided and the covenants hereinafter set forth, hereby gives and grants to the lessee, leave, license and authority to dig, mine, and carry away the mineable coal underlying the following described tract of land situated in LeFlore county, state of Oklahoma, to wit:

"That certain coal mining lease, bearing No. 27, from the trustees of the Choctaw and Chickasaw Nations to the Choctaw, Oklahoma & Gulf Railroad Company, said lease now being owned by the lessor herein, bearing date of February 21, 1899, by which there was let and demised to the said Choctaw, Oklahoma & Gulf Railroad Company, its successors and assigns, for the term of 30 years from the date thereof for the sole purpose of prospecting for and mining coal therefrom, the following described tract of land, to wit:  (Description of land in LeFlore county containing 977.12 acres more or less.

"Together with the right to use any and all machinery, equipment, and mine development now located thereon, and together with the right to use any and all surface of said tract to which the lessor has a right to use under its said lease from the said Choctaw and Chickasaw Nations, or otherwise, for the purpose of carrying on mining operations, for the term and period hereinafter set forth.

"Lessee agrees to keep all of the machinery and equipment used by it in good condition and to exercise reasonable care to save the same from loss or damage, and at the termination of this lease agreement to turn over to the lessor the machinery and equipment used by it in as good condition as the same now is, ordinary wear and tear and damage occurring beyond the reasonable control of the lessee excepted.

"Lessee agrees to promptly enter upon the work of mining coal from the mine now on the said leased premises, known as mine No. 5, and to prosecute said work with diligence until the expiration of this lease agreement.

"Lessee to have full control and management of the mining operations herein contemplated, and shall be solely responsible for all expense incurred in connection therewith.

"Lessee agrees to conduct said mining

operations in compliance with the laws of the state of Oklahoma, and in a workmanlike manner, having due regard for the safety of the men employed thereat and the protection of and conservation of the property.

"Lessee agrees to comply with the Workmen's Compensation Laws of the state of Oklahoma before commencing any mining work under the terms of this lease agreement.

"Lessee agrees to make the following improvements to the said mine No. 5: To install a shaker screen and loading boom at the tipple of said mine, and to employ in the mining operations underground not less than one electric mining machine.

"The rental or royalty to be paid to the lessor, is the price and sum of 25 cents per ton of 2,000 pounds, for each and every ton of coal taken from the said leased lands.

"Lessee agrees to render to the lessor a statement of the tonnage mined and removed from said leased lands each and every month during the term of this lease agreement.

"Lessee agrees that the monthly minimum royalty shall be not less than $500 per month during the term of this lease agreement, except only when mining operations are suspended because of fires, floods, strikes, explosions, or other causes beyond the control of the lessee, when and in which event no minimum royalty shall be due, provided the lessee shall exercise due diligence to resume mining operations without unnecessary delay.

"Said monthly minimum royalty shall begin to accrue on the 1st day of July, 1926, and all minimum royalty payments in excess of royalty due for coal actually mined, shall be credited to apply on coal actually mined during the fiscal year, and the fiscal year under this lease agreement is hereby agreed to begin on the first day of July and end on the 30th day of June next thereafter.

"All royalties shall be due and payable on the 20th day of each month following in which the coal is mined, or for which the minimum royalty becomes due, and shall be paid to the lessor at its place of business in such location as the lessor may from time to time designate by notice in writing delivered to the lessee.

"Lessee agrees that the lessor, through its agents or representatives, shall at all reasonable times have the right to examine the said mining operations conducted by the lessee under this agreement, provided such examinations shall be made at such times and in such manner as will not interfere with the mine operation.

"The term of this lease is to be co-extensive with the lease from the Choctaw and Chickasaw Nations covering the coal lands herein leased to the lessee by the lessor and to terminate upon the expiration of that said lease.

"The failure on the part of the lessee to keep and perform any of the covenants and agreements herein set forth may, at the option of the lessor, work a forfeiture of this lease agreement and all of the rights and privileges of the lessee shall terminate, after the lessor shall have given the lessee 30 days' notice in writing of its intention to exercise such option, and the lessee having failed to correct such delinquency within the said 30 day period, then the lessor shall have the right to enter upon the property and take possession of said mining property without further notice or proceedings.

"At the termination of this lease agreement, the lessee, after paying all of the amounts to be paid hereunder, and after having turned over to the lessor the machinery and equipment used in the said mine No. 5, as hereinbefore stipulated, shall have the right to remove any and all machinery and equipment which the lessee shall have added thereto and used in connection therewith.

"It is further understood and agreed that: The lessor is the owner of the said lease from the trustee of the Choctaw and Chickasaw Nations hereinbefore referred to, and that the lessor is the owner of all mining machinery, equipments, mine development, and other property now located thereon, together with the right to use certain surface of said lands for mining purposes. * * *"

After a careful review of the record in this case, we interpret this instrument as a mining lease and hold that the relation of the parties thereto is that of lessor and lessee. It follows that, under the provisions of section 7285, C. O. S. 1921, as amended by chapter 61, sec. 3, Sess. Laws 1923, lessors are expressly exempt from any liability under the Workmen's Compensation Law of Oklahoma, which, in part, provides:

"Provided, however, that for the purposes of this act, a lessor or sub-lessor shall be deemed not to be one having an interest in the subject-matter, the principal employer, contracting employer, employer, general, intermediate or immediate, independent contractor or intermediate contractor. of the lessee or of any subsequent sub-lessee. or of the employees of the lessee or of any subsequent lessee. including the employees of the subcontractors of the lessee or of any subsequent sub-lessee."

In view of the foregoing interpretation of said lease agreement, it is not necessary to discuss the other assignments of error. The award of the Industrial Commission, in so far as the same adjudges petitioners herein secondarily liable for payment of the claim for compensation to said claimant. is vacated and set aside.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur.

ANDREWS, J., absent.