### ATLANTIC OIL PRODUCING CO. v. FLANNERY.

No. 22197. Opinion Filed May 24, 1932.

Hagan & Gavin, for Atlantic Oil Producing Company.

Ernest F. Jenkins and Guy L. Horton, for Henry J. Flannery.

SWINDALL, J. On December 15, 1930, Henry Flannery, as claimant, filed before the State Industrial Commission a claim for compensation against L. G. Wheeler and W. K. Mote and Atlantic Oil Producing Company, a corporation, as respondents. The claimant alleged he received an accidental personal injury on October 20, 1930, arising out of and in the course of his employment by respondents. The record shows that on the 25th day of September, 1930, the Atlantic Oil Producing Company entered into a contract with one M. H. Watts wherein, among other things, it agreed to purchase from the said Watts a 50 per cent. or one-half interest in and to said oil and gas lease covering and affecting lands upon which the claimant was injured. The agreement in question provided that the said Watts was to furnish a complete abstract of title covering said premises for the purpose of examination by the attorneys for the company, and the terms thereof were further conditioned upon the "spudding in" of a test well by the said Watts. It was provided that upon the test well being "spudded in" the company was to pay a certain sum of money and other certain sums when specified sands were penetrated, and in the event of dry hole a final payment was to be made after the well was plugged and abandoned. Watts was to furnish assignments conveying the interest purchased by the Atlantic Oil Producing Company on the terms and conditions provided. There are other conditions which are inapplicable to the case under consideration. Respondents Wheeler and Mote afterwards took over the contract which had been made with Watts and thereafter Wheeler and Mote rather than Watts became the parties to the contract with the Atlantic Oil Producing Company. The claimant was employed by H. K. Mote to pull some brush away and help dig a slush pit on the oil and gas lease mentioned in the evidence.

It is contended by the petitioner. among other things, that the evidence introduced by claimant is not such as to establish that he was injured while in the employ of the Atlantic Oil Producing Company or that his injury, if any, arose out of or in the course of his employment by respondent Atlantic Oil Producing Company. There is no denial of the fact that the respondent Atlantic Oil Producing Company had entered into a contract with M. H. Watts, later substituted for by Wheeler and Mote, wherein said respondent Atlantic Oil Producing Company obligated itself to purchase an interest in the lease upon which the accident occurred, nor indeed that as a result thereof payment was to be made in certain installments conditioned upon compliance by Watts, later Wheeler and Mote, with the terms of the contract to purchase.

On the 24th day of February, 1931, the State Industrial Commission found that on the 20th day of October, 1930, claimant was in the employ of said respondents and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury arising out of and in the course of his employment, consisting of a fractured skull by being kicked by a mule, and ordered compensation paid to claimant. After this order was entered, Wheeler and Mote and the claimant on the 23rd day of May, 1931, filed an agreement on Form 14 provided by the Commission. According to the terms of the settlement. Wheeler and Mote paid the claimant the sum of $1,000 as full settlement for injuries sustained in the aforementioned accidental injury, which settlement was approved by the State Industrial Commission, the Atlantic Oil Producing Company not being a party to the settlement, and Wheeler and Mote did not file a petition to review the award.

Respondent H. J. Flannery in his brief states:

"It is the contention of the respondent Flannery that the Atlantic Oil Producing Company is secondarily liable to Mote and Wheeler because it was the owner of the lease and employed Mote and Wheeler to drill the oil well and failed to require them to take out insurance on their employees."

Respondent in his brief further states:

"Frankly this case was urged against the Atlantic Oil Producing Company on the theory that they were secondarily responsible to the respondent Flannery and we still abide by our contention."

The respondent concedes that petitioner is not primarily liable. To sustain his contention that the Atlantic Oil Producing Company was secondarily liable the respondent relies principally upon the case of Green v. State Industrial Commission, 121 Okla. 211, 249 P. 933.

We do not think the Green Case, supra, is controlling or has any bearing upon the facts in the case under consideration. Green was the owner of an oil and gas mining lease on certain land located in Tulsa county, and thereupon made a contract with

a man by the name of Hancock to drill on said lease for a certain stipulated cash consideration and an interest in the lease providing such drilling operation should reach a prescribed depth. After Hancock commenced the well and while so engaged pursuant to his contract with Green, one of Hancock's employees received an injury compensable under the applicable provisions of the Workmen's Compensation Law. In the case at bar the Atlantic Oil Producing Company was not the owner of an oil and gas lease and did not employ Watts, later Wheeler and Mote, to drill a well upon its own lease, but agreed to pay certain consideration for certain oil and gas leases according to the terms of the contract. The first payment of said consideration was to be made when Watts, later Wheeler and Mote, "spudded in" a well. Wheeler and Mote might have employed men to clear all the brush off of the tract of land mentioned in the lease or in the contract and might never have "spudded in" an oil and gas well, or otherwise complied with the terms and provisions of the contract with petitioner.

We are. therefore. forced to the conclusion that the Atlantic Oil Producing Company, a corporation, under the facts and circumstances in this case, was neither primarily nor secondarily liable, and the award of the State Industrial Commission, in so far as the same relates to the Atlantic Oil Producing Company, a corporation, is vacated **and said cause** is ordered dismissed as to it.

HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER. C. J., CLARK, V. C. J., and RILEY. J., absent.

Note.—See under (1), annotation in L. R. A. 1916A. 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.