**EASON OIL CO. et al. v. RUNYAN et al.**

No. 22953.   Opinion Filed July 6, 1932.

Rehearing Denied July 27, 1932.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

A. H. Meyer, for the respondent L. H. Runyan.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission made and entered in favor of L. H. Runyan, on the 16th day of September, 1931.

The record discloses that, on July 25, 1931, L. H. Runyan, claimant herein, sustained an accidental personal injury in the nature of broken bones in his ankle and foot while working at a filling station owned by the Eason Oil Company.

Pursuant to notice being given to all parties, two hearings were held, at the con-

clusion of which the Commission entered its award in favor of the claimant. Said award, in its material parts, found as follows:

"1. That claimant. Lester H. Runyan, on and prior to July 25, 1931, was in the employ of Raymond Runyan, distributor for the Eason Oil Company, leasing the service station on a commission basis and hiring the employees; that while claimant was jacking up a car to fix a flat, the jack slipped and threw the claimant over breaking his ankle and foot; that Raymond Runyan and the Eason Oil Company had due notice of the accident within the statutory period.

"2. That claimant's average wage at the time of the injury was $20 a week.

"3. That claimant, Lester H. Runyan, was temporarily totally disabled from July 25, 1931, to October 22, 1931, less the five-day waiting period.

"The Commission is of the opinion: By reason of the foregoing facts, that Raymond Runyan is held primarily liable to the claimant, and Eason Oil Company or its insurance carrier, Aetna Life Insurance Company, are held secondarily liable to the claimant, for compensation from July 25, 1931 to October 22, 1931, less the five-day waiting period, which is 12 weeks, computed at the rate of $13.40 per week, making a total of $160.80, and the Commission reserving a later date for the determination of permanent partial disability, if any."

In support of petitioners' original proceeding in this court to review said award, petitioners contend that the claimant was in the employ of an independent contractor and lessee, entirely separate from the Eason Oil Company, and relies solely upon the following proposition of law.

"Proposition 1.

"Where the relationship of lessor and lessee exists, and an employee of the lessee is injured in the course of his employment. the lessor is exempt from any liability under the Workmen's Compensation Law."

In support of this contention, petitioners rely upon a certain "distributor's agreement" between the Eason Oil Company and Raymond Runyan, under which the service station of the Eason Oil Company in question was operated at the time of the injury sustained by L. H. Runyan. It is the contention of petitioners that the "distributor's agreement" brings this case within the proviso in section 7285, C. O. S. 1921, as amended by chapter 61, sec. 3, Session Laws 1923, and they cite as authority the case of Le Flore County Coal Co. v. State Industrial Commission, 147 Okla. 247, 296 P. 387.

The proviso just referred to reads as follows:

"* * * Provided, however, that for the purposes of this act, a lessor or sublessor shall be deemed not to be one having an interest in the subject-matter, the principal employer, contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sublessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the subcontractors of the lessee or of any subsequent sublessee."

We agree with the contention of petitioners that where a relationship of lessor and lessee exists and an employee of the lessee is injured in the course of his employment, the lessor is exempt from any liability under the Workmen's Compensation Act, as provided in the section urged by petitioners.

We find no fault with the decision of this court in the Le Flore County Coal Company Case, supra, construing the agreement between the parties in that case to be a lease and holding the lessor not liable under our Workmen's Compensation Law.

A careful analysis of the distributor's agreement in the case at bar discloses that the Eason Oil Company gave the distributor, Raymond Runyan, possession of the premises on which the station was located; that the distributor agreed to maintain the regular service station schedule prices of said company and to render to the public the said company's prescribed service and in all matters to use his best judgment and ability to promote the sale of the company's products through said premises. The distributor further agreed not to sell, advertise or offer to sell petroleum products of any one other than the company, and that he would not display any advertising matter or material other than that as the company should direct. It was agreed between the parties that the distributor might not extend credit for products purchased to persons other than those whose names had been furnished him in writing by the company as entitled to credit. Under said agreement the distributor was granted the privilege of dealing in automobile accessories on said premises with the attendant provision that the distributor should not permit said business to interfere with his sales of company's products. The agreement further provided remuneration to the distributor in the form of a commission on each gallon of gas sold. The agreement in question was subject to termination at any time by either party.

We observe that the question of claimant's disability is not controverted, the sole contention of petitioners being that they deny liability.

Upon careful consideration of the distributor's agreement, this court is of the opinion, and holds: That Raymond Runyan, under the purported lease, would not acquire any rights by reason of the provision in the agreement placing him under the control and supervision of the Eason Oil Company, which had the right to discharge him at any time his services were not satisfactory.

It is evident that he was compelled to do what the company asked. He was a mere agent, his wages being fixed by the agreement at 2¢ per gallon for all gas sold and for a certain per cent. of the amount of the oil sold.

We think our construction of the distributor's agreement or purported lease, is amply sustained by the record. At the hearing before the Commission, Mr. A. L. Haskins, district superintendent for the Eason Oil Company, testified as follows:

"Q. Now, this contract, or whatever you want to call it, or agreement or lease—that only extends for 30 days? A. We make them for a period of 30 days. Q. You do not want to surrender the control of it, but you put a man in there for 30 days, and if you think he is the right man you retain him to run the station, isn't that correct? A. That is correct."

Upon further examination of Mr. Haskins by the Commission, he testified, at page 31 of the transcript, as follows:

"By the Court: Q. In other words, Mr. Runyan is just a manager or agent of the Eason Oil Company? A. Which Runyan? Q. Ray Runyan? A. Yes, at station No. 11."

Section 10 of the distributor's agreement, having to do with the "rights" of the parties, reads as follows:

"The only relationship between said company and said distributor is as herewith set forth, and the distributor agrees to protect and save harmless said company from any damage of whatsoever kind or nature arising out of the operation of said premises by him, his employees, or agents, and shall not have authority to create any obligations against said company whatsoever. Distributor shall not commit nor suffer to be committed on said premises any violation of law whatsoever."

It is apparent that the Eason Oil Company, through its distributor's agreement, seeks to relieve itself of all obligations, but reserves for itself at the same time all the profits that flow from the distributor's agreement, and at the same time evades all the losses and attempts to evade all the responsibility for tort which is manifest in the instant case by the injury to the claimant sustained while working for the distributor, an agent of the Eason Oil Company.

We are forced to the inescapable conclusion that under the distributor's agreement, the distributor, Raymond Runyan, was an agent of the oil company and that L. R. Runyan, employed by said agent, was a subagent of the Eason Oil Company at the time of his injury.

This court has long been committed to the rule of law that upon appeal it will not reverse an award of the State Industrial Commission because of insufficiency of the evidence if there is any competent evidence reasonably tending to sustain the award.

Under said rule, as applied to the facts in the case at bar, the award is affirmed.

RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.