## E. D. BEDWELL COAL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 23539.    Opinion Filed Nov. 22, 1932.

Varner & Varner, for petitioner.

White & White and John D. Arbuckle, for respondent.

ANDREWS, J.    This is an original proceeding in this court instituted by the E. D. Bedwell Coal Company to review an award of the State Industrial Commission in favor of the claimant therein, O. C. Brooks, wherein the Templeton Coal Company, the G. & H. Coal Company, and the E. D. Bedwell Coal Company were respondents. The parties hereinafter will be referred to as petitioner and claimant.

The claimant had his ankle broken while in the employment of the Templeton Coal Company. The Templeton Coal Company was operating the mine in which the claimant was injured, under a lease contract from the G. & H. Coal Company. The G. & H. Coal Company held a lease on the mine from the petitioner. Pursuant to notice, a hearing was had before the State Industrial Commission and a finding and award was made in favor of the claimant and against each of the respondents before the State Industrial Commission. There is no controversy over the nature or extent of the injury or the amount of the award.

The petitioner presents its contention under one proposition, which is that there was no evidence showing a relationship between the petitioner and the claimant, or between the petitioner and the Templeton Coal Company, or between the petitioner and the G. & H. Coal Company, or between the petitioner and any or all of them, justifying the award in so far as it relates to the petitioner, and that for that reason the award is contrary to law in so far as it affects the petitioner.

Under the provisions of section 13351, O. S. 1931 (section 7285, C. O. S. 1921, as amended by section 3, chapter 61, S. L. 1923), where a relation of lessor and lessee exists and an employee of the lessee is in-

jured in the course of his employment, the lessor is not under any liability under the Workmen's Compensation Act. That section provides, in part, as follows:

"* * * Provided, however, that for the purposes of this act, a lessor or sublessor shall be deemed not to be one having an interest in the subject-matter, the principal employer, contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sublessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the subcontractors of the lessee or of any subsequent sublessee. * * *"

In LeFlore County Coal Co. et al. v. State Industrial Commission et al., 147 Okla. 247, 296 P. 387, this court held:

"Where the relationship of lessor and lessee exists, and an employee of the lessee is injured in the course of his employment, the lessor is exempt from any liability under the Workmen's Compensation Law as provided for in section 7285, C. O. S. 1921, as amended by chapter 61, sec. 3, Session Laws 1923."

The record shows that the relationship of the respondents before the State Industrial Commission was that of lessor and lessee. It therefore follows that the lessor, the petitioner herein, is not liable under the provisions of the Workmen's Compensation Act of Oklahoma.

The claimant contends that the lease contract shows the relation of the parties thereto to be that of principal and agent, and cites Oklahoma Coal Company v. Atkinson et al., 121 Okla. 59, 247 P. 366, in support thereof. We do not agree with that contention. No such contract or relation as was shown in that case or in Eason Oil Co. et al. v. Runyan et al., 158 Okla. 241, 13 P. (2d) 118, cited by the claimant, is shown by the record in this case.

There was no showing of a relationship between the respondents before the State Industrial Commission to justify an award against the petitioner. For that reason the award is vacated in so far as it applies to the petitioner herein.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., not participating. CLARK, V. C. J., absent.