## MYERS MINING & MILLING CO. v. TENNANT et al.

No. 26160.   Oct. 1, 1935.

Ballinger & Ballinger, for petitioner.

R. C. Lannom, D. C. Devilliers, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action in this court by Myers Mining & Milling Company to review an award of the State Industrial Commission.

Myers Mining & Milling Company was the owner of certain machinery and equipment comprising what was known as Myers No. 1 float plant located on the N. E. ¼ of the N. W. ¼ of section 32, township 29 N., range 23 E., Ottawa county, Okla. On April 24, 1934, said company entered into a written contract with one H. E. Moyer, whereby in consideration of $1 and other valuable consideration and the agreement thereinafter set forth, it leased and let unto the said H. E. Moyer the above-mentioned machinery and equipment for a term of 12 months from the date of said contract. No superintending control of H. E. Moyer or the operation of said plant and machinery was retained by the mining company. The lease had a provision, however, that in the event Moyer should cease to operate said plant and machinery for a period of ten days without the written consent of the lessor, the lease might be terminated. A rental or royalty of 10 per cent. of the gross proceeds derived from sale of all ores milled and sold by H. E. Moyer was to be the sole remuneration of the mining company. In the contract Moyer

agreed to comply with the Workmen's Compensation Law of the state of Oklahoma. The agreement was purely a lease and rental contract. On May 27, 1934, while Moyer was operating said plant and machinery, the respondent E. O. Tennant, one of his employees, received certain personal injuries which necessitated the amputation of his left hand. Moyer paid the doctor and hospital bills and paid Tennant some wages and at least one week's compensation. Claim for compensation before the Industrial Commission was first made against H. E. Moyer alone, but later an amendment was permitted whereby Myers Mining & Milling Company, a domestic corporation, and Wes'ey M. Smith, H. Floyd Myers, and Leonard W. Goins were made additional respondents before said tribunal. On January 7, 1935 the Commission made its final order finding that Tennant was injured while in the employment of Moyer. It further found that Moyer was a contractor of Myers Mining & Milling Company, and that said Myers Mining & Milling Company had neglected to require compliance with the Workmen's Compensation Law by Moyer, and that Moyer was primarily liable to Tennant for compensation in the sum of $277.09, for temporary total disability and for the further sum of $9.61 per week for a period of 200 weeks on account of loss of hand (this amount being computed erroneously in the award as $1.842), and that Myers Mining & Milling Company was secondarily liable for said amount. The sole question presented for our consideration is whether there was any competent evidence before the State Industrial Commission which would justify its finding that the petitioner herein was secondarily liable for the injury sustained by the respondent Tennant. Counsel for petitioner contend that since Tennant was not an employee of the Myers Mining & Milling Company, but an employee of Moyer, and so found to be by the State Industrial Commission, and that since Moyer was merely a lessee of Myers Mining & Milling Company, therefore petitioner is not liab'e under the provisions of section 13351, O. S. 1931, and that there was no competent evidence before the Industrial Commission to sustain such finding. This contention is true and must be upheld if the contract in question will not bear the construction placed upon it by the Industrial Commission. Webster defines the term "contractor" as "one who covenants to do anything for another; one who contracts to perform work on a rather large scale at a certain price or rate." Bouvier's Law Dictionary, vol. 1, page 396, defines the term "contractor" as "one who undertakes to do work for a company or corporation on a large scale at a certain fixed price."

This court has defined "independent contractor" as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods. and without being subject to the control of his employer except as to the result of the work (quoting Words and Phrases, [1st Series] vol. 4, page 3542)." Chicago, R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 P. 705.

This definition was adopted in Chicago, R. I. & P. Ry. Co. v. Bond. 47 Okla. 161, 148 P. 103. and fol'owed in Tahona Smokeless Coal Co. v. Industrial Commission, 128 Okla. 188. 261 P. 941.

Applying either or both of the above definitions to the duties and liability of Moyer as provided in the contract under construction, and considering the undisputed evidence in the record we are of the opinion that the Industrial Commission erred as a matter of law in holding that Moyer was a contractor of any kind in his relation to the petitioner, Myers Mining & Milling Company. Certainly, the contract between him and the milling company is not susceptible of this construction, and all of the other testimony before the Commission which points in any manner to this conclusion is based upon conjecture and surmise. Whereas the undisputed testimony clearly indicates that the relation between the parties was purely that of lessor and lessee. Under these circumstances the rule announced by this court in Le Flore County Coal Co. v. State Industrial Commission, 147 Okla. 247, 296 P. 387, and fo'lowed in E. D. Bedwell Coal Co. v. State Industrial Commission, 160 Okla. 158, 10 P. (2d) 246, is properly applicable and controlling. In Bedwell Coal Co. v. State Industrial Commission, supra, we said:

"Where the relationship of lessor and lessee exists and an employee of the lessee is injured in the course of his employment, the lessor is not under any liability under the Workmen's Compensation Law as provided for in section 7285, C. O. S. 1921, as amended by chap. 51, sec. 3, Session Laws 1923 (O. S. 1931, sec. 13351)."

In this connection see, also, Atlantic Oil Producing Co. v. Flannery, 157 Ok'a. 193, 11 P. (2d) 933.

For the reasons above given the award as to the petitioner Myers Mining & Milling Company should be vacated. Award va

cated in so far as it relates to the Myers Mining & Milling Company.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS and CORN, JJ., concur.