# MAGNOLIA PETROLEUM CO. v. JONES et al.

No. 28257.   Nov. 15, 1938.

Rehearing denied Dec. 6, 1938.

W. H. Francis and Blakeney, Wallace, Brown & Blakeney, for petitioner.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Magnolia Petroleum Company, hereafter referred to as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of Jerry Jones, hereafter referred to as respondent.

The respondent, while in the employ of W. C. Gassaway, sustained certain accidental personal injuries, the nature and extent of which are not here involved. The petitioner was the owner of an oil and gasoline service station and equipment which it had leased to W. C. Gassaway under a lease contract. The relation of the petitioner and of W. C. Gassaway was purely that of landlord and tenant or lessor and lessee. The State Industrial Commission construed the contract as one of agency and found that W. C. Gassaway was primarily liable, and that the petitioner was secondarily liable to the respondent, and made an award of com-

pensation for temporary total disability in accordance with said finding. The petitioner contends that such finding is without any competent evidence to support it, and that the award, in so far as it attempts to hold it secondarily liable to the respondent, is without authority of law.

Section 13351, O. S. 1931, 85 Okla. Stats. Ann. sec. 11, in part provides as follows:

"Provided, however, that for the purposes of this act, a lessor or sublessor, shall be deemed not to be one having an interest in the subject matter, the principal employer, contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sublessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the subcontractors of the lessee or of any subsequent sublessee."

In the case of Le Flore County Coal Co. v. State Industrial Commission, 147 Okla. 247, 296 P. 387, this court said:

"Where the relationship of lessor and lessee exists, and an employee of the lessee is injured in the course of his employment, the lessor is exempt from any liability under the Workmen's Compensation Law as provided for in section 7285, C. O. S. 1921, as amended by chapter 61, sec. 3, Session Laws 1923."

The rule thus announced has been subsequently followed in the cases of E. D. Bedwell Coal Co. v. State Industrial Commission, 160 Okla. 158, 16 P.2d 246; Myers Mining & Milling Co. v. Tennant, 174 Okla. 16, 49 P.2d 706, and we see no reason now to depart therefrom.

Since the contract between the petitioner and W. C. Gassaway was in writing and was clear and unambiguous, and created nothing more than the relation of landlord and tenant or lessor and lessee between the parties, the case of Eason Oil Co. v. Runyan, 158 Okla. 241, 13 P.2d 118, cited and relied upon by the respondent, has no application here. Under the record, the State Industrial Commission erred as a matter of law in holding the petitioner secondary liable to the respondent, and therefore the award is vacated in so far as it applies to said petitioner.

Award vacated as to the Magnolia Petroleum Company.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, and HURST, JJ., concur.