Edward H. BARBER, Petitioner,

v.

CONTINENTAL OIL COMPANY, Hartford Accident & Indemnity Company, Orville Jantzen, and the State Industrial Commission, Respondents.

No. 38033.

Supreme Court of Oklahoma.

May 13, 1958.

Richard E. Romang, Enid, for petitioner.

Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On April 17, 1957, Edward H. Barber, petitioner herein, filed a claim for compensation against Continental Oil Company, respondent herein, and its insurance carrier, Hartford Accident & Indemnity Company, referred to herein as insurance carrier, and Orville Jantzen stating that on March 19, 1957, while in the employ of respondent, Continental Oil Company, or Orville Jantzen, he sustained an accidental injury consisting of a compound fracture of both legs causing total disability; that the accident occurred when a car ran over the grease rack and struck him.

Respondent, Continental Oil Company, and its insurance carrier resisted the claim on the ground that the relationship of employer and employee did not exist between Continental Oil Company and petitioner. Respondent, Orville Jantzen, filed no answer but appeared at the trial in person and by attorney.

The trial judge found that on the 19th day of March, 1957, petitioner, while in the employ of respondent, Orville Jantzen, sustained an accidental injury consisting of a fracture of his legs; that as a result of such injury he has been temporarily totally disabled from the date of the injury and that he is entitled to temporary total compensation at the rate of $28 per week and payments to continue at the rate of $28 per week until temporary total disability ceases not to exceed 300 weeks, or until further order of the Commission. The trial judge

further found that petitioner is in need of further medical treatment and ordered and directed that such treatment be furnished by respondent, Orville Jantzen, until further order of the Commission.

Temporary total compensation was awarded petitioner against respondent Orville Jantzen in accordance with these findings.

The trial judge further found that the relationship of employer and employee did not exist between respondent, Continental Oil Company, and petitioner but that petitioner was an employee of Jantzen, and entered an order denying petitioner compensation against said respondent and its insurance carrier.

Petitioner brings the case here to review the order denying compensation as against respondent, Continental Oil Company, and its insurance carrier, and makes respondent, Orville Jantzen, a party to the appeal. Jantzen, however, has filed no cross-petition to review the award against him and that award is now final.

It is petitioner's contention that the order entered by the Commission denying him compensation as against Continental Oil Company and its insurance carrier is not sustained by the evidence and is contrary to law.

The record discloses that on October 15, 1956, Continental Oil Company, respondent herein, entered into a lease contract with Orville Jantzen whereby it leased to him an oil service station and certain equipment, mentioned and described in the lease, for a period of one year with the right of renewal. Jantzen, under the terms of the lease, is to pay as a consideration for such lease one and one-fourth cents a gallon on all gasoline, diesel fuel, or other motor fuel delivered into the storage tanks located on the premises described in the lease, provided that said gallonage rental shall in no event be less than $72.50 for any calendar month. The lease contained the further following provisions: that lessee shall not smoke on said premises or permit smoking by his employees on said premises;

shall not permit intoxicating liquors to be used or kept on said premises; shall not permit the accumulation of oil, grease or gasoline on the floor of the building or the station driveway; shall keep the station neat and clean and use ordinary and proper caution to prevent fire hazard; to make all necessary minor repairs or replacements to the station and equipment; and provides that the lessor may enter and inspect the premises at any reasonable time. It further provides that if the lessee shall make default in any of the conditions mentioned in the lease, lessor may then enter the premises, take possession thereof and expel and remove lessee therefrom. Paragraph 17 of the lease contains the following:

"It is mutually agreed that none of the provisions of this lease shall be construed as reserving to Conoco any right to exercise any control over the business or operations of Lessee conducted upon the leased premises or to direct in any respect the manner in which any such business or operations shall be conducted. No party or parties employed by Lessee shall in any event be considered as employed by Conoco. Any such party or parties shall be hired by Lessee at Lessee's expense, and shall be paid and discharged by Lessee."

There is nothing contained in this lease contract which, in our opinion, would justify us in holding that it creates between the parties the relationship of employer and employee rather than that of landlord and tenant or lessor and lessee.

Petitioner, however, in his proposition number one contends:

"Because of the general control exercised by Continental Oil Company over the operation of this Conoco Service Station, it is liable to the station employee, Edward H. Barber, for Workmen's Compensation."

Jantzen in this respect testified, in substance, as follows: Respondent, Continental Oil Company is the owner of the service station and equipment mentioned in the

lease; that he had been leasing the station from said respondent for over six years on a year to year basis; that he hired and paid the wages of all persons employed at the station, regulated the hours they should work, and exercised complete control over them as to the manner in which the work should be done.

He further testified that a repair shop or workshop, where machinery was used, was operated in connection with the filling station. There was a grease room set apart in the building in which there was installed a power driven device for lifting cars for the purpose of greasing. He also testified that Jim Clark, one of the salesmen of respondent, Continental Oil Company, would visit the station once or twice a month, and, upon occasions, would make certain suggestions to him relative to the operation of the business, such as keeping the station driveway and adjoining sidewalks and rest rooms free and clear from dirt and debris, and as to the kind of tires and filters he, Jantzen, should keep for sale. That he, Jantzen, should keep and furnish green trading stamps for the purpose of giving them to purchasers of his products. Jantzen further testified that he was not required to comply with Clark's suggestions; that he would comply with such suggestions as he thought useful to his business and disregard those with which he did not agree; that it was his option whether he should accept or reject the suggestions; that Clark, on his visits, would examine his books in order to ascertain the amount of sales of oil and gasoline made by him.

Respondent, Continental Oil Company, issued credit cards to customers of the filling station, which Jantzen was required to honor and return to Continental Oil Company, and for which he would receive credit on the rent required to be paid by Jantzen under the lease contract. Jantzen also testified that the sales price of gasoline sold by him at the station was fixed by respondent, Continental Oil Company, and further stated that it was his understanding that he should sell only Conoco gas and oil at the station; that Mr. Loosely, one of the

salesmen of said respondent, told him so; but that he did keep other brands of oil for sale for customers who called for such products, and he did not advertise or display such products, but sold only Conoco gas.

He also testified he paid all social security taxes on the employees of the station, and withheld the federal income tax from their wages and remitted the taxes to the proper federal authorities; that, in the front end of the filling station, appears the advertising sign, Conoco, and all the employees of the station wear Conoco uniforms which had inscribed on the front thereof the word Conoco; that he carried no insurance for the filling station employees.

Petitioner testified that while in the employ of respondent, Continental Oil Company, or respondent Jantzen, he sustained an accidental injury at the time and in the manner stated in his complaint; that, as a result of said injury, he sustained a fracture of both legs, since which time he has been unable to do any work. He further testified, as did Jantzen, to the suggestions made by Clark during his visits to the station and further corroborated, in all material respects, the testimony of Jantzen.

Mr. Clark testified, in substance, that he was employed by respondent, Continental Oil Company, as a district salesman; that his duties consisted mainly of selling Conoco products; that he visited the station operated by Jantzen once or twice a month; that on occasions he made suggestions to Jantzen as to the operation of the station as testified to by him; that he, however, had no authority to require Jantzen to follow such suggestions; that it was optional with Jantzen whether he complied with them or not; that he made the suggestions in order to promote sales at the service station and increase his sales of Conoco products to the station. He also testified that he examined Jantzen's books as testified to by him; that he was not directed so to do by Continental Oil Company, but that he made the examination with the permission of Jantzen and did not report the

result of his examination to Continental Oil Company; that he made such examination for his own special benefit; that Jantzen was free to handle any products at the station he saw fit; that he had the privilege of selling gasoline and oil other than Conoco, and, had he done so, there would have been no objection made thereto. This, in substance, constitutes the evidence in the case. After hearing it, the trial judge found that the relationship of employer and employee did not exist between petitioner and Continental Oil Company, and entered an order denying compensation against said company and its insurance carrier.

We think the evidence is sufficient to sustain this finding. We therefore accept and approve same. We do not think the evidence sufficient to show that respondent, Continental Oil Company, exercised such control over the operation of the filling station or over the employees of Jantzen, as to the manner in which the work should be performed, to make it liable for compensation under the Workmen's Compensation Act. See in this connection Cities Service Oil Co. v. Kindt, 200 Okl. 64, 190 P.2d 1007.

■ A lessor is neither primarily nor secondarily liable for compensation for injuries sustained by employees of his lessee. 85 O.S.1951 sec. 11; Magnolia Petroleum Co. v. Jones, 184 Okl. 103, 85 P.2d 274; LeFlore County Coal Co. v. State Industrial Commission, 147 Okl. 247, 296 P. 387; Myers Mining & Milling Co. v. Tennant, 174 Okl. 16, 49 P.2d 706.

Section 11, supra, contains the following provision:

"* * * Provided, however, that for the purposes of this Act, a lessor or sub-lessor shall be deemed not to be one having an interest in the subject matter, the principal employer, contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sub-lessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the sub-contractors of the lessee or of any subsequent sub-lessee."

Petitioner relies on Eason Oil Co. v. Runyan, 158 Okl. 241, 13 P.2d 118, 119, and cases from other states to sustain his contention. We do not think these cases applicable here because of a material difference in the facts. In Eason Oil Co. v. Runyan, supra, it appears that the workman, who had possession of an oil and gas filling station under lease contract executed between him and the oil company, sustained an accidental injury while engaged in the course of his employment. He filed a claim for compensation against the Eason Oil Company. The company defended on the theory that the relationship of employer and employee did not exist between it and claimant but that the relationship which existed between them was that of landlord and tenant. The Commission denied this contention and awarded compensation in favor of claimant against Eason Oil Company. This Court sustained this award on appeal.

The lease in that case, however, contains the following stipulation:

"* * * that the distributor agreed to maintain the regular service station schedule prices of said company and to render to the public the said company's prescribed service and in all matters to use his best judgment and ability to promote the sale of the company's products through said premises. The distributor further agreed not to sell, advertise, or offer to sell petroleum products of any one other than the company, and that he would not display any advertising matter or material other than that as the company should direct. It was agreed between the parties that the distributor might not extend credit for products purchased to persons other than those whose names had been furnished him in writing by the company as entitled to credit. * * *"

No such conditions or stipulation appear in the lease in this case. Moreover, in that

case it appears that the district superintendent of Eason Oil Company testified that claimant in possession of the filling station was operating it merely as manager or agent of Eason Oil Company. No such testimony appears in this case.

After carefully considering and weighing the evidence we conclude that the Commission ruled correctly in holding that the relationship of employer and employee did not exist between petitioner and Continental Oil Company, and ruled correctly in denying compensation against said company.

Order sustained.