NUMBERS 13-07-202-CR and 13-07-203-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CHRISTOPHER LEE SOUTHERN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza


 

This is an appeal from a revocation proceeding, cause number 13-07-00202-CR,
and from a conviction for aggravated assault, cause number 13-07-00203-CR. See Tex.
Penal Code Ann. § 22.02(a)(1) (Vernon Supp. 2006). By one issue, in an appeal taken
in both causes, appellant, Christopher Lee Southern, claims his sentences are
disproportionate to the severity of the offenses in violation of the Eighth and Fourteenth
Amendments to the United States Constitution. See U.S. Const. amend. VIII; see also
U.S. Const. amend. XIV. (1) We affirm. (2) 

I. Background

On December 7, 2005, appellant pleaded guilty to three counts of sexual assault in
cause number 13-07-00202-CR. See Tex. Penal Code Ann. § 22.011(a)(1)(A) (Vernon
Supp. 2006). The trial court deferred adjudication of appellant's guilt, placed appellant on
community supervision for ten years, and assessed a fine of $3,000. On January 5, 2007,
the State filed an aggravated assault charge against appellant, in cause number 13-07-00203-CR, for the aggravated assault of his girlfriend Maricruz Maldonado. See Tex.
Penal Code Ann. § 22.02(a)(1). Also on January 5, 2007, the State filed a motion to
revoke appellant's community supervision and adjudicate his guilt, alleging appellant
violated a condition of his supervision by committing the aggravated assault of Maldonado. 
On February 27, 2007, the State amended its motion to revoke appellant's community
supervision to include the following violations: (1) appellant was indicted for aggravated
assault, a second-degree felony, pursuant to section 22.02(a)(1) of the Texas Penal Code;
(2) appellant failed to pay a court imposed fine of $250.00 per month from January 1, 2006
to December 1, 2006; (3) appellant failed to pay attorney's fees in the amount of $1,270;
(4) appellant failed to pay monthly supervision fees of $25.00 from January 1, 2006 to the
present; and (5) appellant failed to pay monthly sex offender fees of $5.00 from January
1, 2006 to the present. See id. 

At the revocation hearing, the trial court revoked appellant's community supervision
and sentenced him to three twenty-year terms of imprisonment for each of the three counts
of sexual assault. See id. § 22.011(a)(1)(A). (3) Immediately thereafter, in cause number 13-07-00203-CR, appellant pleaded guilty to the aggravated assault charge, and the trial court
sentenced him to twenty years' imprisonment. See id. § 22.02(a)(1). The trial court
ordered all of the sentences imposed to run concurrently. On March 23, 2007, appellant
filed a notice of appeal with the trial court. This appeal ensued. II. Analysis

As a preliminary matter, we address the State's contention that appellant has
waived any error by failing to object to the sentences in the trial court. See Tex. R. App.
P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). To preserve error for appellate review, the complaining party must make a timely,
specific objection. Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); Turner v.
State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); see Tex. R. App. P. 33.1(a) ("As a
prerequisite to presenting a complaint for appellate review, the record must show that: (1)
the complaint was made to the trial court by a timely request, objection, or motion . . . and
(2) the trial court: (A) ruled on the request, objection, or motion either expressly or
implicitly; . . . ."). "'All a party has to do to avoid the forfeiture of a complaint on appeal is
to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so
clearly enough for the judge to understand him at a time when the trial court is in a proper
position to do something about it.'" Keeter v. State, 175 S.W.3d 756, 760 (Tex. Crim. App.
2005) (quoting Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (en banc)). 

Texas courts have consistently held that even constitutional errors involving
disproportionate sentences can be waived by failing to object at trial. See Curry v. State,
910 S.W.2d 490, 497-98 (Tex. Crim. App. 1995) (citing Garcia v. State, 887 S.W.2d 846,
861 (Tex. Crim. App. 1994) (failure to raise Eighth Amendment objection at trial waives any
such claim on appeal)); Solis v. State, 945 S.W. 2d 300, 301 (Tex. App.-Houston [1st
Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence violative
of the Eighth Amendment was forfeited by failure to object); Quintana v. State, 777 S.W.2d
474, 479 (Tex. App.-Corpus Christi 1989, pet. ref'd) (holding that failure to object to a
sentence as cruel and unusual forfeits error). Here, the record reflects that appellant did
not object to the imposition of punishment at trial nor did he raise the complaint in a motion
for new trial. See Tex. R. App. P. 33.1(a). Accordingly, we conclude that appellant failed
to preserve this complaint for review. (4) 

In any event, the punishment does not violate constitutional provisions. The Eighth
Amendment does not require strict proportionality between the crime and the sentence;
rather it forbids only extreme sentences that are grossly disproportionate. See Ewing v.
California, 538 U.S. 11, 23 (2003); see also Henry v. State, No. 13-03-614-CR, 2004 Tex.
App. LEXIS 7440, at **3-4 (Tex. App.-Corpus Christi Aug. 19, 2004, no pet.) (mem. op.,
not designated for publication). Texas courts have traditionally held that, as long as the
punishment assessed is within the range prescribed by the Legislature in a valid statute,
the punishment is not excessive. See Jordan v. State, 485 S.W.2d 949, 952 (Tex. Crim.
App. 1973); Trevino v. State, 174 S.W.3d 925, 928 (Tex. App.-Corpus Christi 2005, pet.
ref'd); see also Escochea v. State, 139 S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no
pet.). 

In cause number 13-07-00203-CR, appellant was charged with the offense of
aggravated assault, a second degree felony. Tex. Penal Code Ann. § 22.02(a)(1), (b)
Appellant was also charged with three counts of sexual assault in cause number 13-07-00202-CR, which constitute second degree felonies. See Tex. Penal Code Ann. §
22.011(f). The Texas Penal Code provides that "[a]n individual adjudged guilty of a felony
of the second degree shall be punished by imprisonment in the institutional division for any
term of not more than 20 years or less than 2 years" and, "[i]n addition to imprisonment,
. . . may be punished by a fine not to exceed $10,000." Tex. Penal Code Ann. § 12.33(a)-(b) (Vernon 2003). Appellant was sentenced to twenty years' imprisonment for each of the
three sexual assault charges and to twenty years' imprisonment for the aggravated assault
charge. The trial court ordered all of the sentences imposed to run concurrently. 

The sentences assessed were within the statutorily permissible range and were
based on admissible evidence adduced at the revocation hearing. See id.; see also
Hawkins v. State, 112 S.W.3d 340, 345 (Tex. App.-Corpus Christi 2003, no pet.) (citing
Jordan, 495 S.W.2d at 952). Thus, appellant's sentences are not grossly disproportionate
to the offenses. See Ewing, 538 U.S. at 23; see also Henry, 2004 Tex. App. LEXIS 7440,
at **3-4. Because appellant has failed to preserve his complaint on appeal, and because
his sentence fell within the limits prescribed by a valid statute, we overrule appellant's
issues in cause numbers 13-07-00202-CR and 13-07-00203-CR. 

III. Conclusion

The judgments of the trial court are affirmed.

 

 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 8th day of November, 2007. 
1. 
 
 
2. --- ---
3. - 
 -- ' 
 ' 
 ' 
 ' §
 
4. " 
 "